UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(Newark)

| | |
|---|---|
| VIOLA MOORE,<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, NA; JP MORGAN CHASE BANK, NA; and JOHN DOE,<br><br>    Defendants. | CIVIL ACTION NO. |

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF NEW JERSEY

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1367, 1332, 1441 and 1446, Defendant, Bank of America, N.A. ("BANA"), gives notice that it has removed this action from the Superior Court of New Jersey, Law Division, Hudson County, Docket Number HUD-L-531-18 ("the State Court Action"), to the United States District Court for the District of New Jersey. As grounds for removal Defendant submits the following:

1. BANA was served with a copy of the Summons and Complaint in the State Court Action on May 14, 2018. A copy of the Summons, Complaint, Track Assignment Notice and Stipulation to Extend Time to Answer or Otherwise Plead Pursuant to Rule 4:6-1(c), filed in the State Court Action is attached hereto as **Exhibit A** and incorporated herein by reference to this

Notice of Removal.  In addition, a copy of all process, pleadings and orders served upon BANA and co-Defendant JPMorgan Chase, N.A. in the State Court Action are attached hereto as follows:

  i.  **Exhibit B**-Answer by Defendant JPMorgan Chase Bank, N.A.;

  ii. **Exhibit C**-JPMorgan Chase Bank, N.A.'s Motion to Compel Discovery;

  iii. **Exhibit D** -Bank of America N.A.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 4:6-2(e);

  iv. **Exhibit E**-August 24, 2018 Order Dismissing Without Prejudice John Doe for Lack of Prosecution; and

  v. **Exhibit F**-August 31, 2018 Order Granting JPMorgan Chase Bank, N.A.'s Motion to Compel Discovery.

2.  The Notice of Removal is being filed pursuant to 28 U.S.C. §1446(b)(3), providing "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable."  See, e.g., Delalla v. Hanover Ins., No. CIV. 09-2340 RBK/JS, 2009 WL 3379915, at *1 (D.N.J. Oct. 16, 2009).

3.  The United States District Court for the District of New Jersey has original jurisdiction over the State Court Action based upon diversity of citizenship under 28 U.S.C. §1332(a)(1), and accordingly, removal is proper under 28 U.S.C. § 1441(b), as set forth below.

4.  There is complete diversity of citizenship, as described below.

   a. Plaintiff Viola Moore is a citizen of the State of New Jersey and was a citizen of New Jersey at the time the Complaint was filed.

b. Defendant BANA is a national bank and a citizen of North Carolina, where Defendant's main office is located. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in the articles of association, is located.").

c. Defendant JPMorgan Chase Bank, N.A. ("Chase") is a national bank and a citizen of Ohio, where its main office is located.

d. The John Doe Defendants have been dismissed for lack of prosecution. Even if they were reinstated, the citizenship of the John Doe Defendants is irrelevant to determining whether complete diversity exists between the parties. A court does not consider the residence of a "nominal" defendant for diversity purposes. Bumberger v. Insurance Co. of North America, 952 F.2d 764, 767 (3rd Cir. 1991). "Nominal defendants" are those "without a real interest in the litigation." Id. A defendant is considered "nominal" where the Plaintiff did not raise any claims against him. Lior v. Sit, 913 F. Supp. 868, 877 (D. N.J. 1996). The John Doe defendants in this case are nominal defendants because the Complaint does not assert any claims against them. Further, the Complaint admittedly listed the John Doe defendants as parties without "a real interest in the litigation": "[w]e are preserving space in this caption if the court determines [the John Doe Defendants] are indispensable parties." Ex. A, Compl. ¶ 3.

5. Plaintiff's original Complaint never asserted the amount in controversy or allegations that her damages exceeded $75,000.00 and therefore was deemed to be not removable; however, Plaintiff's attorney sent a demand via email which asserts for the first time that she is claiming damages for $1,540,000.00 on August 21, 2018, at which point it became ascertainable that this action is removable pursuant to 28 U.S.C. § 1446(b)(3) and 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.

6. The United States District Court for the District of New Jersey has jurisdiction over Hudson County, New Jersey, where the State Court Action was filed. Based upon diversity of citizenship, the State Court Action is hereby removed to the United States District Court for the District of New Jersey as the district court having jurisdiction over the place where the action is pending pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b).

7. This Notice of Removal has been timely filed. Simultaneous with the filing of this Notice of Removal, BANA has given written notice thereof to the Clerk of the Superior Court of New Jersey, Law Division, Hudson County and to Plaintiff and to Defendant JPMorgan Chase, N.A. in the State Court Action.

8. This Notice of Removal has been signed pursuant to Fed. R. Civ. P. 11.

9. Should any questions arise as to the propriety of the removal of this action, BANA requests the opportunity to brief any disputed issues and to present oral argument in support of their position.

10. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served have consented to the removal of this action, as evidenced by Defendant

JPMorgan Chase, N.A., the sole other defendant in the action, having executed this Notice of Removal to consent to the removal.

WHEREFORE, BANA respectfully requests that all persons take notice that the State Court Action, presently pending in the Superior Court of New Jersey, Law Division, Hudson County, has been removed to the United States District Court for the District of New Jersey.

By: */s/ Daniel C. Fleming*
Daniel C. Fleming, Esq.
Wong Fleming
821 Alexander Road, Suite 200
Princeton, NJ 08540
Telephone: (609) 951-9520
Facsimile: (609) 951-0270
E-mail: dfleming@wongfleming.com
*Attorneys for Defendant Bank of America, N.A.*

**CONSENT TO THE REMOVAL**

Defendant JPMorgan Chase, N.A. hereby consents to the removal of the State Court Action to the United States District Court for the District of New Jersey.

By: */s/ Anthony C. Valenziano*
Anthony C. Valenziano, Esq.
Anthony J. Sylvester, Esq.
Sherman Wells Sylvester & Stamelman, LLP
210 Park Avenue, 2nd Floor
Florham Park, NJ 07932
Telephone: (973) 302-9700
Email:  avalenziano@shermanwells.com
*Attorneys for Defendant JPMorgan Chase, N.A.*

**CERTIFICATION PURSUANT TO L.Civ. R. 11.2**

Pursuant to Local Civil Rule 11.2, I hereby certify under penalty of perjury that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Executed on: September 10, 2018

*/s/ Daniel C. Fleming*
Daniel C. Fleming