EXHIBIT A

## SUMMONS

Attorney(s) Adrian J. Johnson, Esq (00592012)

Office Address  280 Amboy Ave Ste 3

Town, State, Zip Code Metuchen, NJ 08840

Telephone Number 848-229-2254

Attorney(s) for Plaintiff Viola Moore

Viola Moore

Plaintiff(s)

vs.

BANK OF AMERICA, NA;

JP MORGA CHASE, NA; and JOHN DOE

Defendant(s)

**Superior Court of New Jersey**

HUDSON     County

CIVIL     Division

Docket No: L-000531-18

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Michelle M. Smith

MICHELLE M. SMITH, Superior Court Clerk

DATED:   19 February 2018

Name of Defendant to Be Served: Bank of America (Registered Agent) Mr. Robert Doherty, NJ State President/SVP located at 750 Walnut Avenue NJ6-50203-01 Cranford, NJ 07016.

Chase Bank (Registered Agent) Ms. Ellen Cunningham, Corporate Compliance, located at 1 Chase Manhattan

By: Adrian J. Johnson, Esq. (00592012)
Johnson & Associates, P.C.
280 Amboy Ave., Ste. 3
Metuchen, NJ 08840
P: 848-229-2254
Attorney for Plaintiff, *VIOLA MOORE*

| | |
|---|---|
| VIOLA MOORE., | SUPERIOR COURT OF NEW JERSEY CIVIL DIVISION HUDSON COUNTY |
| Plaintiff, | DOCKET NO.: |
| vs. | CIVIL ACTION |
| BANK OF AMERICA, NA; JP MORGAN CHASE BANK, NA; and JOHN DOE. | **VERIFIED COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff, **VIOLA MOORE,** through her attorney, Johnson & Associates, P.C. complaining of the Defendants sets forth and alleges as follows:

## THE PARTIES

1.      Plaintiff, Viola Moore ("Viola" or "Ms. Moore" or "Payee"), is a natural person domiciled in the State of New Jersey.

2.      At all times relevant thereto, Defendant, Bank of America, NA. referred to as ["BOA" or "Drawer Bank"] is a corporation incorporated under the laws of the State of Delaware with banking branches located across the State of New Jersey with Mr. Robert Doherty, NJ State President/SVP located at 750 Walnut Avenue NJ6-50203-01 Cranford, NJ 07016 as registered agent.

3.      At all times relevant thereto, Defendant, JP Morgan Chase Bank, NA. referred to as ["Chase Bank" or "Depository"] is a corporation incorporated under the laws of the State of Ohio with banking branches located across the State of New Jersey with Ms. Ellen

1

Cunningham, Corporate Compliance, located at 1 Chase Manhattan Plaza 25th Floor New York, New York 10081 as registered agent.

At all times relevant thereto, JOHN DOE shall be inserted to represent the following parties: Universal Renovation Consultants A Division of, Universal Sales Consultants, INC.; Universal Sales Consultants, INC.; Edmour Giguera /aka/ Ed Armand or Edward Armand, Home Improvement Contractor License/Registration/Certification # <u>13VH08277400.</u>; and Alexander Duque, Are natural persons or corporations incorporated under the laws of the State of New Jersey with principal places of business located at 66 Laguna Dr. Wayne, New Jersey 07470, County of Passaic. and 1123A Route 23 South, Wayne, New Jersey 07474, County of Passaic. We are preserving space in this caption if the courts determine these Defendants are indispensable parties. The courts should be made aware of a foregoing State court case Docket # HUD-L-2103-16 where the Plaintiff in this matter is the Defendant in the above provided docket numbered case. Pursuant to New Jersey Court Rules 4:7-1, Ms. Moore is required to raise counterclaims in her answer or risk wavier of such claims. In this matter we preserve the space to add said defendants should the State court claim fail or be dismissed.

**FIRST COUNT**

<u>**UCC §3-404 IMPOSTORS; FICTITIOUS PAYEES**</u>
**(BANK OF AMERICA & CHASE BANK)**

1. Plaintiff repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

2. Defendants failed to exercise ordinary care and substantially contributed to loss resulting from the payment of the instrument.

3. Defendant Bank of America, never received authorization or instruction from Ms. Moore to make or draw checks from said escrow payable to Viola Moore & Universal Sales Consultants, INC. (See Exhibit "A" BOA Checks)

2

4. Ms. Moore never gave Universal Sales Consultants, INC. authorization to draw or create drafts on her behalf. (See Exhibit "A" Moore Certification)

5. Defendant John Doe requested payment disbursement from Bank of America on or about September 3, 2015.

6. Defendant Bank of America honored Defendant John Doe's request and drew a check on September 16, 2015 in the amount of $152,000.00 from account number ending 6756

7. Defendant Bank of America yet again honored Defendants John Doe's request and drew a check on October 28, 2015 in the amount of $25,000.00 payable to Viola Moore and Universal Sale Consultants, INC. (See Exhibit "A" BOA Checks)

8. Ms. Moore's signature on both drafts had been forged and presented to the depository Bank.

9. Defendant Chase accepted and paid out the above sums to John Doe in a total amount of $177,000.00. (See Exhibit "A" BOA Check)

10. Both Defendants failed to exercise ordinary care by refusing to properly investigate many Ms. Moore's filed fraud complaints with the various bank's fraud department.

11. As a result, Ms. Moore never received funds from the forged check nor did she receive the benefit of a completed building because of the funds being paid to Universal Sales Consultants, INC. (See Exhibit "B" Moore Certification)

**WHEREFORE**, Plaintiff demands judgment against Defendants, **BANK OF AMERICA; JP MORGAN CHASE BANK; and JOHN DOE**, individually, jointly, severally, or in the alternative damages, treble damages, together with lawful interest, plus Plaintiffs' reasonable attorney's fees and litigation expenses as allowed by law, and for all other just and proper relief.

**SECOND COUNT**

## UCC §3-406 NEGLIGENT CONTRIBUTING TO FORGED SIGNATURE OR ALTERATION OF A INSTRUMENT
### (BANK OF AMERICA & CHASE BANK)

12. Plaintiff repeats and re-alleges all allegations contained in all prior Causes of Action, inclusive.

13. Defendants failed to exercise ordinary care and substantially contributed to an alteration of an instrument.

14. Plaintiff has an account and mortgage held by Bank of America.

15. Bank of America holds plaintiff's insurance proceeds in escrow to ensure that said monies would be used towards reconstruction of Plaintiff's building.

16. Defendant Bank of America, never received authorization or instruction from Moore to make or draw checks from said escrow payable to Viola Moore & Universal Sales Consultants, INC. (See Exhibit "A" BOA Checks)

17. Defendant John Doe requested payment disbursement from Bank of America on or about September 3, 2015.

18. Defendant Bank of America honored Defendant John Doe's request and drew a check on September 16, 2015 in the amount of $152,000.00 from account number ending 6756

19. Defendant Bank of America then again honored Defendants John Doe's request and drew a check on October 28, 2015 in the amount of $25,000.00 payable to Viola Moore and Universal Sale Consultants, INC. (See Exhibit "A" BOA Checks)

20. Defendant John Doe forged the signature of Ms. Moore and presented the altered instrument to Chase Bank on or about September 18, 2015.

21. Defendant Chase accepted and paid out the above sum to John Doe on or about September 21, 2015.

22. Defendant Chase, was in the best position to identify the forgery or alteration of the instrument but failed to do so.

23. Defendant Chase again accepted a second check on or about November 2, 2015 and paid out a sum of $25,000.00 on or about November 3, 2015.

**WHEREFORE**, Plaintiff demands judgment against Defendants, **BANK OF AMERICA; JP MORGAN CHASE BANK; and JOHN DOE**, individually, jointly, severally, or in the alternative damages, together with lawful interest, plus Plaintiffs' reasonable attorney's fees and litigation expenses as allowed by law, and for all other just and proper relief.

### THIRD COUNT

### <u>UCC §3-417 BREACH OF PRESENTMENT WARRANTIES</u>
### (CHASE BANK)

24. Plaintiff repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

25. At no point was Universal Sale Consultants, INC. and authorized party to receive the funds cashed by Chase Bank. (See Exhibit "B" Moore Certification)

26. The instrument presented to Chase Bank had been altered. (See Exhibit "C" Chase Fraud Notice)

27. Ms. Moore had no knowledge of the creation of the draft at time of presentment. (See Exhibit "A" Moore Certification)

28. Ms. Moore never authorized issuance for the draw on her account.

29. Chase Bank failed to exercise ordinary care and permitted payment on a forged draft.

30. Whereby Ms. Moore is entitled to compensation for expenses and loss of interest resulting from the breach.

**WHEREFORE**, Plaintiff demands judgment against Defendants, **BANK OF AMERICA; JP MORGAN CHASE BANK; and JOHN DOE**, individually, jointly, severally, or in the alternative damages, together with lawful interest, plus Plaintiffs'

reasonable attorney's fees and litigation expenses as allowed by law, and for all other just and proper relief.

## FOURTH COUNT

## UCC §3-420 CONVERSION
### (BANK OF AMERICA & CHASE BANK)

31. Plaintiff repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

32. Bank of America prepared a check and made it payable to Viola Moore and Universal Sales Consultants INC. (See Exhibit "A" BOA Checks)

33. Bank of America did not have authorization from Ms. Moore to create this instrument or us funds from the insurance proceeds as backing.

34. Bank of America converted funds from Ms. Moore account without claim of right or proper authorization.

35. Chase Bank failed to obtain proper endorsements on the instrument.

36. At no point did Ms. Moore communicate to either bank, she consented to this course of action resulting in the paying out of her funds.

37. Ms. Moore was not aware of the forgery on the instrument until her communication with the City Planning Commissioner. (See Exhibit "B" Moore Certification)

38. Chase Bank improperly paid out funds on a forged check, effectively converting $177,000.00 of Ms. Moore's funds. (See Exhibit "A" BOA Checks)

39. Ms. Moore never received funds from the forged check nor did she receive the benefit of a completed building because of the funds being paid to Universal Sales Consultants, INC. (See Exhibit "B" Moore Certification)

**WHEREFORE,** Plaintiff demands judgment against Defendants, **BANK OF AMERICA; JP MORGAN CHASE BANK; and JOHN DOE**, individually, jointly,

severally, or in the alternative damages, together with lawful interest, plus Plaintiffs' reasonable attorney's fees and litigation expenses as allowed by law, and for all other just and proper relief.

## FIFTH COUNT

## <u>UCC §4-401 IMPROPER PAYMENT FROM ACCOUNT</u>
### (BANK OF AMERICA)

40.   Plaintiff repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

41. Bank of America never received authorization from Ms. Moore to create the checks in question. (See Exhibit "B" Moore Certification)

42. The checks made payable to Viola Moore and Universal Sale Consultants INC., were not properly payable.

43. Ms. Moore and Bank of America did not come to agreeance for the debiting of her account and the payment of checks using funds from her insurance proceeds.

44. Bank of America in no way paid out these unauthorized funds in good faith.

45.   As a result, Ms. Moore has suffered harm and is entitled to damage for remediation of said harm.

**WHEREFORE**, Plaintiff demands judgment against Defendants, **BANK OF AMERICA; JP MORGAN CHASE BANK; and JOHN DOE**, individually, jointly, severally, or in the alternative damages, together with lawful interest, plus Plaintiffs' reasonable attorney's fees and litigation expenses as allowed by law, and for all other just and proper relief.

## SIXTH COUNT

## <u>BREACH OF CONTRACT</u>
### (BANK OF AMERICA)

46. Plaintiff repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

47. Viola Moore signed and executed a contract to open an account with Bank of America, for which she deposited funds therein.

48. Bank of America also is the holder of a mortgage on the Ms. Moore's property destroyed by fire, and thus holds the insurance funds in escrow.

49. Bank of America, on numerous occasions denied Ms. Moore an accounting for funds held in escrow, breaching its fiduciary duties to its customers.

50. Bank of America further breached by paying out on account funds held in escrow, not properly payable.

51. Moore, never request nor authorized Bank of America to release funds made payable to Viola Moore & Universal Sales Consultants, INC. (See Exhibit "A" BOA Check)

52. Unbeknownst to Moore and without her consent, Defendants, John Doe obtained funding from her account with Bank of America in the total amount of $177,000.00.

53. Defendant Bank of America never received written authorization from Plaintiff to discuss details regarding the funds held in escrow, furthermore to make a negotiable instrument at the sole request of John Doe.

54. Plaintiff has demonstrated that Bank of America has breached its duties under contract and has caused Plaintiff harm in the form of consequential, lost profits, and actual damages.

　　　　**WHEREFORE**, Plaintiff demands judgment against Defendants, **BANK OF AMERICA; JP MORGAN CHASE BANK; and JOHN DOE**, individually, jointly, severally, or in the alternative damages, together with lawful interest, plus Plaintiffs' reasonable attorney's fees and litigation expenses as allowed by law, and for all other just and proper relief.

## SEVENTH COUNT

## COMMON LAW FRAUD
### (BANK OF AMERICA & CHASE BANK)

55. Plaintiff repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

56. Defendant Bank of America, was aware that Ms. Moore gave no authorization for the making of checks numbered: 0001402188 and 0001433947 nor did she have knowledge the checks were made payable to Viola Moore & Universal Sales Consultants, INC. (See Exhibit "A" BOA Checks)

57. Upon Ms. Moore's discovery of these fraudulent acts, Defendant Bank of America intentionally reframed from communications with Ms. Moore that would have uncovered their liability for turning over unauthorized checks.

58. Instead, Bank of America directed Ms. Moore to file a fraud claim with their fraud department.

59. After several weeks, the fraud department would close Ms. Moore's file stating various reasons and instruct her to re-file a fraud claim. (See Exhibit "B" Moore Certification)

60. Moore's last fraud claim was dismissed due to Bank of America citing lack of cooperation from Chase Bank, who was the presenting bank that accepted and made payment on the forged instruments. (See Exhibit "A" BOA Checks)

61. Furthermore, Bank of America ceased communications with Ms. Moore on inquiries into her being refunded for the stolen monies, but Bank of America refused to communicate citing that Ms. Moore retained counsel and they would no long speak with her.

62. However, Bank of America refused to communicate with counsel, even after providing documentation of representation. (See Exhibit "D" Attorney Letter of Representation)

63.  As a result, Ms. Moore lost money earmarked for the reconstruction of her building, and lost profits from rent as the building still has not been constructed. Plaintiff is entitled to treble damages because of Defendants fraudulent acts and concealment.

WHEREFORE, Plaintiff demands judgment against Defendants, **BANK OF AMERICA; JP MORGAN CHASE BANK; and JOHN DOE**, individually, jointly, severally, or in the alternative damages, together with lawful interest, plus Plaintiffs' reasonable attorney's fees and litigation expenses as allowed by law, and for all other just and proper relief.

### i.      Fraudulent Concealment by a Fiduciary

64. Plaintiff repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

65. Here, Bank of America owes fiduciary duties to Ms. Moore as they held insurance proceeds in trust to insure its use for re-construction of Ms. Moore's building.

66. Bank of America was silent to the fact of the marking and distribution of the instrument at the request of John Doe.

67. Bank of America Failed to inform Ms. Moore of this material facts leading to the misappropriation of funds.

68. Ms. Moore suffered harm as she was deprived of the insurance proceeds, no building has been constructed, resulting in her inability to collect rent or provide a living for herself.

WHEREFORE, Plaintiff demands judgment against Defendants, **BANK OF AMERICA; JP MORGAN CHASE BANK; and JOHN DOE**, individually, jointly, severally, or in the alternative damages, together with lawful interest, plus Plaintiffs' reasonable attorney's fees and litigation expenses as allowed by law, and for all other just and proper relief.

### ii.    Fraudulent Negotiable Instrument Paid or Taken

69. Plaintiff repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

70. Chase, after being presented with two forged checks for substantial funds paid the sum to John Doe. (See Exhibit "A" BOA Checks)

71. Chase, being the depository bank, was in the best position to identify a forged check but failed on two separate occasions to do so.

72. Ms. Moore never ratified or gave consent to the paying out of said funds. (See Exhibit "B" Moore Certification)

73. As a result, Ms. Moore has suffered harm by not being afforded a re-constructed building; lost profits from rental income; facing default on her mortgage; adverse credit reporting; and court cost and attorney's fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants, **BANK OF AMERICA; JP MORGAN CHASE BANK; UNIVERSAL SALES CONSULTANTS; EDWARD ARMAND; and ALEXANDER DUQUE**, individually, jointly, severally, or in the alternative damages, together with lawful interest, plus Plaintiffs' reasonable attorney's fees and litigation expenses as allowed by law, and for all other just and proper relief.

### EIGHTH COUNT

### COMMON LAW BREACH OF FIDUCIARY DUTIES
### (BANK OF AMERICA)

74. Plaintiff repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

75. At the time of the breach, Bank of America is/was the holder of a mortgage on the Premises in question.

76. As such, BOA had an interest in the insurance proceeds to ensure its use for re-construction of the destroyed Premise.

77. Plaintiff's insurance policy paid out a check (Check # 0148046) to the order of: Viola Moore and Bank of America N.A.

78. Bank of America held said proceeds in trust within an account of their institution solely controlled by BOA.

79. Defendant subsequently, and without authorization breached fiduciary duties by paying out funds held in trust to an unauthorized third party. (See Exhibit "A" BOA Checks)

80. Said funds were never used for re-construction of the Premise and in fact were embezzled by Defendant John Doe.

81. Defendant failed to uphold the duty to exercise reasonable skill and care, causing Plaintiff harm; Plaintiff is out of funds and still has no erected building, entitling her to damages because of Defendant's breach and careless actions.

   **WHEREFORE,** Plaintiff demands judgment against Defendants, **BANK OF AMERICA; JP MORGAN CHASE BANK; and JOHN DOE**, individually, jointly, severally, or in the alternative damages, together with lawful interest, plus Plaintiffs' reasonable attorney's fees and litigation expenses as allowed by law, and for all other just and proper relief.

### i.   Lender's Breach of Fiduciary Duties Owed to a Borrower

82. Plaintiff repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

83. At the time of the breach, Bank of America is/was the holder of a mortgage on the Premises in question.

84. As such, BOA had an interest in the insurance proceeds to ensure its use for re-construction of the destroyed Premise.

85. Plaintiff's insurance policy paid out a check (Check # 0148046) to the order of: Viola Moore and Bank of America N.A.

86. Bank of America held said proceeds in trust within an account of their institution solely controlled by BOA.

87. Defendant subsequently, and without authorization breached fiduciary duties by paying out funds held in trust to an unauthorized third party. (See Exhibit "A" BOA Checks)

88. Said funds were never used for re-construction of the Premise and in fact were embezzled by Defendant John Doe.

89. These actions caused Plaintiff harm, Plaintiff still has no erected building and she is entitled to damages because of Defendant's breach and careless actions.

**WHEREFORE,** Plaintiff demands judgment against Defendants, **BANK OF AMERICA; JP MORGAN CHASE BANK; and JOHN DOE**, individually, jointly, severally, or in the alternative damages, together with lawful interest, plus Plaintiffs' reasonable attorney's fees and litigation expenses as allowed by law, and for all other just and proper relief.

### NINTH COUNT

### COMMON LAW BAD FAITH AND FAIR DEALINGS
(BANK OF AMERICA)

90. Plaintiff repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

91. Defendants Bank of America and Chase Bank have acted in bad faith by not adequately cooperating with investigation into fraud claims submitted by Ms. Moore.

92. Both defendants pointed the finger at the other, and neither put fourth any reasonable efforts to help Ms. Moore recover information relating to the disbursement of her funds.

93. Both parties refused further communications with Ms. Moore after she retained counsel.

94. Additionally, both parties refused communication with counsel, even after being provided with official notice of representation. (See Exhibit "D" Attorney Letter of Representation)

95. Bank of America infringed on Ms. Moore's right to receive the fruits of good faith and fair dealings by intentionally misleading Ms. Moore as to why her fraud claims had been closed, and by approving the release of funds without prior authorization by Ms. Moore.

96. Furthermore, Chase Bank admitted to fraudulent practices regarding this transaction, evidenced by their action of tendering a refund on September 21, 2017. citing the forged endorsement signature as the cause for the return of funds to Bank of America.

97. To further add insult to injury, Bank of America has tried to foreclose on the mortgage encumbering the premises, stating that Ms. Moore has defaulted on payments owed and due. (See Exhibit "E" Loan Assistance)

98. Bank of America also denied Ms. Moore loan assistance, citing that additional documentation was needed.

99. The above needed documentation was to be supplied by Plaintiff's counsel Matt Sontz, who BOA would not permit to be added as an authorized person on the account. (See Exhibit "D" Attorney Letter of Representation)

100. These acts lead to Ms. Moore's rejection for loan assistance creating an even greater financial burden on Plaintiff. (See Exhibit "E" Loan Assistance)

101. Bank of America is more than aware of the present circumstances as to why Ms. Moore could not make payments. This is an additional bad act and tactic to persuade Ms. Moore from sought actions to hold Bank of America liable for its negligence.

**WHEREFORE**, Plaintiff demands judgment against Defendants, **BANK OF AMERICA; JP MORGAN CHASE BANK; and JOHN DOE**, individually, jointly, severally, or in the alternative damages, together with lawful interest, plus Plaintiffs'

reasonable attorney's fees and litigation expenses as allowed by law, and for all other just and proper relief.

## TENTH COUNT

## COMMON LAW NEGLIGENT MISREPRESENTATION
### (BANK OF AMERICA & CHASE BANK)

102.  Plaintiff repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

103.  Defendant, Bank of America falsely communicated to Ms. Moore that she gave BOA permission to release ongoing funds to Universal Sale Consultants, INC. (See Exhibit "F" Forged Formal Authorization)

104.  Referenced "Authorization Form" was also forged by John Doe and presented to Bank of America.

105.  Bank of America had in its possession a verifiable signature of Ms. Moore to compare and identify as false the signature on the Authorization form.

106.  Bank of America failed to perform due diligence as a safe guard to prevent fraud, by not requiring Ms. Moore to sign said authorization form in person.

107.  As a result, Bank of America negligently provided false information to Ms. Moore stating she gave authorization to release funds to John Doe.

108.  Furthermore, Bank of America terminated all of Ms. Moore's fraud claims on the grounds of lack of cooperation from Chase Bank, however upon Chase's notification of legal action, Chase tendered a refund of the forged checks to Ms. Moore's account.

109.  Had Bank of America attempted to remedy the situation earlier on; Chase Bank would have tendered a refund sooner and mitigated Plaintiff's incurred Damages.

110.  Chase Bank admitted no wrong doing even after being notified by Ms. Moore of the forged checks. (See Exhibit "B" Moore Certification)

111.    Chase Bank falsely communicated to Ms. Moore that no fraud had occurred on their

behalf, but later admitted to wrongdoings by tendering a refund to Ms. Moore's account

for the amounts of the forged checks.

**WHEREFORE**, Plaintiff demands judgment against Defendants, **BANK OF**

**AMERICA; JP MORGAN CHASE BANK; and JOHN DOE,** individually, jointly,

severally, or in the alternative damages, together with lawful interest, plus Plaintiffs'

reasonable attorney's fees and litigation expenses as allowed by law, and for all other just and

proper relief.

### ELEVENTH COUNT

### COMMON LAW CIVIL CONSPIRACY
### (BANK OF AMERICA & CHASE BANK)

112.    Plaintiff repeats and re-alleges all allegations set forth in the preceding paragraphs as

if fully set forth herein.

113.    Defendants worked together to defraud Ms. Moore from funds earmarked for the re-

construction of her building.

114.    Defendants continued to mislead and divert Plaintiff from the truth regarding their

bad acts until they could no longer do so.

115.    As a result, Plaintiff suffered irreparable harm and is entitled to treble damages and all

other damages and awards that the courts deem just.

**WHEREFORE**, Plaintiff demands judgment against Defendants, **BANK OF**

**AMERICA; JP MORGAN CHASE BANK; and JOHN DOE,** individually, jointly,

severally, or in the alternative damages, treble damages, together with lawful interest, plus

Plaintiffs' reasonable attorney's fees and litigation expenses as allowed by law, and for all

other just and proper relief.

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues raised in the various Counts of

the Complaint.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Adrian J. Johnson, Esq., as trial counsel in this matter.

DATED:  FEBRUARY 6, 2018                    **JOHNSON & ASSOCIATES AT LAW, P.C.**


                                            s/ADRIAN J. JOHNSON, ESQ.
                                            ADRIAN J. JOHNSON, ESQ
                                            ATTORNEYS for the PLAINTIFF

<u>CERTIFICATION</u>

Pursuant to <u>R.4:5-1(b)(2)</u>, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief.  Also, to the best of our belief, no other action or arbitration proceeding is contemplated.  Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action.  In addition, we recognize the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

DATED:  FEBRUARY 6, 2018                **JOHNSON & ASSOCIATES AT LAW, P.C.**


                                        <u>s/ADRIAN J. JOHNSON, ESQ.</u>
                                        ADRIAN J. JOHNSON, ESQ
                                        ATTORNEYS for the PLAINTIFF

By: Adrian J. Johnson, Esq. (00592012)
Johnson & Associates, P.C.
280 Amboy Ave., Ste. 3
Metuchen, NJ 08840
P: 848-229-2254
Attorney for Plaintiff, *Viola Moore*

---

| | |
|---|---|
| VIOLA MOORE., | SUPERIOR COURT OF NEW JERSEY |
| | CIVIL DIVISION MIDDLESEX COUNTY |
| Plaintiff, | |
| | DOCKET NO.: |
| vs. | |
| | CIVIL ACTION |
| BANK OF AMERICA, NA; | |
| JP MORGAN CHASE BANK, NA; and | **VERIFICATION OF** |
| JOHN DOE | **VIOLA MOORE** |
| Defendants. | |

---

**VIOLA MOORE,** deposes and says:

That she is the Plaintiff, in the within action; that she has read the foregoing Complaint and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters said to be upon information and belief, and as to those matters, deponent believes same to be true.

DATED:        FEBRUARY 6, 2018

/s/VIOLA MOORE_____
VIOLA MOORE, PLAINTIFF

EXHIBIT "A"

Amount:        $25,000.00

Account:       3359866756

Bank Number: 06111278

Sequence Number: 8992242066

Capture Date:  11/03/2015

Check Number:  1433947



**Bank of America**

BANK OF AMERICA CORP.
3400 Pawtucket Av. RI1-530-01-18
East Providence RI 02915
888-550-6433

84-1278/811 GA Check Date Check Number
10/28/2015 0001433947

PAY   ** TWENTY-FIVE THOUSAND 00 / 100 DOLLARS

USD$ ********25,000.00

PAY
TO
THE
ORDER
OF

UNIVERSAL SALES CONSULTANTS INC
& VIOLA MOORE
66 LAGUNA DR
WAYNE NJ 07470 US

Authorized Signature

VOID AFTER 1 YEAR

⑈0001433947⑈ ⑆061112788⑆ 3359866756⑈

THE ORIGINAL DOCUMENT HAS A REFLECTIVE WATERMARK ON THE BACK.  HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT.

5312621

Electronic Endorsements:

| Date | Sequence | Bank # | Endrs Type | TRN | RRC | Bank Name |
|------|----------|--------|------------|-----|-----|-----------|
| 11/02/2015 | 1080045735 | 74909962 | Rtn Loc/BOFD | Y | | JPMORGAN CHASE BANK, |
| 11/03/2015 | 008992242066 | 11300016 | Pay Bank | N | | |

Amount:      $152,000.00          Sequence Number: 8392378151

Account:     3359866756           Capture Date:    09/21/2015

Bank Number: 06111278             Check Number:    1402188

THIS MULTI-TONE AREA OF THE DOCUMENT CHANGES COLOR GRADUALLY AND EVENLY FROM DARK TO LIGHT WITH DARKER AREAS BOTH TOP AND BOTTOM

**Bank of America** ⟩⟩⟩    BANK OF AMERICA CORP.        64-1278/611 GA  Check Date  Check Number
                           126 Dupont Drive RI1-121-01-30.               09/16/2015  0001402188
                           Providence RI 02907
                           888-550-8433

PAY    ** ONE HUNDRED FIFTY-TWO THOUSAND 00 / 100 DOLLARS          USD$*******152,000.00

PAY    UNIVERSAL SALES CONSULTANTS INC
TO THE  & VIOLA MOORE
ORDER  66 LAGUNA DR                              *Norman Dansel*
OF     WAYNE NJ 07470 US
                                                 Authorized Signature

                                                 VOID AFTER 1 YEAR

⑈0001402188⑈ ⑆06111278⑈ 3359866756⑈

THE ORIGINAL DOCUMENT HAS A REFLECTIVE WATERMARK ON THE BACK      HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT.

0993774

Electronic Endorsements:

| Date       | Sequence   | Bank #   | Endrs Type   | TRN | RRC | Bank Name          |
|------------|------------|----------|--------------|-----|-----|--------------------|
| 09/18/2015 | 9890621640 | 74909962 | Rtn Loc/BOFD | Y   |     | JPMORGAN CHASE BANK, |
| 09/21/2015 | 008392378151 | 11300016 | Pay Bank    | N   |     |                    |

EXHIBIT "B"

By: Adrian J. Johnson, Esq. (00592012)
Johnson & Associates, P.C.
280 Amboy Ave., Ste. 3
Metuchen, NJ 08840
P: 848-229-2254
Attorney for Plaintiff, *VIOLA MOORE*

| | |
|---|---|
| VIOLA MOORE, | SUPERIOR COURT OF NEW JERSEY |
| | CIVIL DIVISION HUDSON COUNTY |
| Plaintiff, | DOCKET NO.: |
| vs. | CIVIL ACTION |
| BANK OF AMERICA, NA; JP MORGAN CHASE BANK, NA; and JOHN DOE. | **CERTIFICATION OF VIOLA MOORE IN SUPPORT OF COMPLAINT** |
| Defendants. | |

I, Viola Moore, of full age, hereby certifies as follows:

1. I am the Plaintiff in the above stated matter and as such, I have the authority and knowledge to make this certification in support of my Complaint filed against Defendants BANK OF AMERICA, NA; JP MORGAN CHASE BANK, NA; UNIVERSAL CONSULTANT, LLC and EDWARD ARMAND.

2. As the Plaintiff in this matter and owner of the real estate in question and personal property proceeds, I have personal knowledge regarding the events before and after my building's distraction by fire and subsequent negligent and fraudulent actions on behalf of the Defendants.

3. I am the owner of a property that consisted of land and an erected building located at 77 EAST 21ST STREET, BAYONNE, NJ. 07002.

4. This building was destroyed by fire on July 11, 2015

5. On or around July 12, 2015 the city required me to have what was left of my building demolished to protect community safety.

6. My property was insured through an insurance policy, which I am the named policy owner.

7. A claim for the destroyed property was submitted, and my insurance paid out the sum amount of $295,000.00

8. My destroyed building was subject to a mortgage held by Bank of America, NA.

9. Bank of America instructed me that the insurance funds would be placed in an escrow account to insure the monies use for rebuilding my destroyed building.

10. It has always been my intention and desire to have my building rebuild.

11. On or around July 14, 2015 I sought out the services of Universal Sale Consultant, INC. to rebuild my building.

12. I was under the impression that Universal Sale Consultant, INC was owned by Alex Duque, I later found out it was owned by a Edward Armand.

13. Edward (the owner of Unversal renovations Consultant Inc.) told me and the police his full name was Edward Armond, which was false.

14. His full name is Edward Armond Giguere.

15. My lawyer (Matt Sontz) told me he lied so I couldn't Google his name and find prior criminal and civil suits against him.

16. Alex is another contractor for the same company that I had contact with the whole time until I found out he was lying to me and forged my name on checks.

17. I threatened to report him to the cops, then Alex had Edward contact me. That would be the first time I had any knowledge that Edward Armond Giguere even existed

18. I later discovered that Edward Armand had prior convictions, including a similar case to mine where he stole $300,000 from a homeowner he was contracted to do work for.

19. Alex Informed me that the insurance company should have paid out more money, and that he needed to speak with Bank of America in order to have them pitch the insurance company for additional funds.

20. On occasion Alex would need to speak to the bank, so he would group call me in. Bank of America would ask if I gave them permission to speak with Alex, which I granted. Alex would then tell me I could hang up the phone.

21. I trusted Alex to speak with the bank on my behalf because he assured me he had experience with the insurance process because he was a former insurance adjuster.

22. He stated that the insurance company likely paid the bank more money than they disclosed to me and he would speak the lingo to get Bank of America to give me access to the entire policy funds they had in escrow.

23. Because Bank of America held the money in escrow. I did not have access to view the money.

24. Alex told me he needed to contact my bank, explaining to me that its the banks responsibility to get the most money possible from the insurance company, because they hold my mortgage and Bank of America has a team of lawyers to handle insurance companies for these type of situations.

25. Alex gained my confidence because he communicated so well with me. Every time I called or text, he would give me updates on the progress he made securing more insurance money and receiving city approval for the project to get the building rebuilt.

26. Five months pass without me hearing back about the city approval of the project.

27. At this point, I believed that Alex was working hard to gain city approval, as he wanted to get started on the project just as bad as I did.

28. However, I decided to call the city to try and plead for them to speed up the approval process.

29. To my surprise, when I called the city, they informed me that Universal Sale Consultant, INC. never contacted the city about any approvals or building projects.

30. Immediately after speaking with the city, I called Bank of America to see what information they had regarding this incident.

31. Bank of America then informs me that two checks had been paid from the escrow to Universal Sale Consultant, LLC.

32. At no point was I contacted before the issuance of these checks, nor did I sign any documents granting my consent for these checks to be issued to Universal Sale Consultant, INC.

33. Bank of America issued two checks totaling $177,000.00. One for $152,000.00 issued on September 16, 2015 and a second for $25,000.00 issued on October 28, 2015.

34. Both checks were issued and delivered without my knowledge or consent to Universal Sale Consultant, and titled "pay to order of" Viola Moore and Universal Sale Consultant, INC.

35. Each check had been cashed with JP Morgan Chase Bank, NA. Each check also contained a forgery of my signature on the endorsement line.

36. I later filed a police report with Detective Nikki Dias of the Bayonne Police Department.

37. I also filed three fraud claims with Bank of America's fraud department. Reference numbers: 16680400; 17093684; 17249885. Which they said could take 30-90 days for investigation.

38. Bank of America never followed up with me on the fraud claims.

39. When I attempted to get an update from Bank of America, they said they could no longer communicate with me because I hired legal counsel.

40. My former counsel attempted contact with Bank of America for updates on the fraud claims, and also never received a response from the bank.

41. On or around October 19, 2017 Bank of America sent me a letter denying any involvements in wrongdoing, and stating they could not add my former counsel to my accounts.

42. To this day, the Bank of America fraud case remains open.

43. Bank of America stated the case remains opens due to lack of cooperation from JP Morgan Chase Bank.

44. I believe the defendant has an account with JP Morgan Chase Bank and is a regular customer at the branch where the checks were cashed.

45. I conducted some research on Universal Sale Consultants and found that Angie's List had deleted their account due to complaints made.

46. I then discovered that Edward Armond Giguere had previously been convicted of fraud in a case similar to mine.

47. Because of the fraud claim delay with Bank of America, I no longer have money to pay my mortgage held by Bank of America.

48. If my building had been completed I would have a monthly income of around $14,400.00.

49. On March 1, 2017 I defaulted on my mortgage as a result of no income.

50. I am now seeking this suit in efforts to be made whole and to finally get my building rebuilt.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


DATED:  FEBRUARY 6, 2018

                                             _/s/ Viola Moore_____
                                             Viola Moore, Plaintiff

EXHIBIT "C"

HUD-L-000531-18   02/06/2018 7:16:46 PM   Pg 12 of 20 Trans ID: LCV2018234742
Case 2:18-cv-13727-MCA-LDW   Document 1-2   Filed 09/10/18   Page 33 of 44 PageID: 41

Page 1 of 1

# LETTER

**Cantos, Leidvincent B**
**Sent:** Thursday, March 17, 2016 2:44 PM
**To:** Johnson, Zakiya

March 16, 2016

UNIVERSAL SALES CONSULTANTS INC.
DBA UNIVERSAL RENOVATION CONSULTANTS
66 LAGUNA DR
WAYNE, NJ 07470

Important Information Regarding Your Account: XXXX5097

Dear Customer:

We are writing to inform you of an important matter. Chase has been notified that a checks negotiated by you was returned.

Deposit Date: 09/18/2015 and 11/02/2015
Total Amount of Checks: $177,000.00
Serial Numbers: 1402188 and 1433947
Return Reason: Forged endorsement
As a result of this activity your account has been restricted

The depository agreement covering the Account provides that checks negotiated, may be charged back, without regard to whether such return is timely. Even if we verify a deposited or cashed check and tell you that the item has been paid, that will not release your liability as an endorser. This right shall extend to any item negotiated by you that is finally paid and then is returned because a claim is made that the item is altered, forged, unauthorized, has a missing signature or should not have been paid for any reason.

Please respond immediately with any information you may have on this claim that could help us with the investigation. If no response is received we will assume that you agree the funds belong to the claimant and you authorize us to charge your account to pay the claim.

We can be reached at the 1-866-564-2262. Representatives are available Monday - Friday 8 a.m. - 9 p.m. E.S.T. to assist you.

Sincerely,
Charity



EXHIBIT "D"

The Law Office of

# MATTHEW H. SONTZ, LLC

220 Saint Paul Street
Westfield, NJ 07090
T: 908-389-1330
F: 908-543-1300
E-mail: mhs@sontzlaw.com

January 27, 2017

Bank of America
173 Elm Street
Westfield, NJ 07090

Re:   Viola Moore
        Bank of America Fraud Claim: 29 Jan. 2016 - 485483

Subj:  1. NOTICE OF REPRESENTATION

        2. DEMAND FOR REIMBURSEMENT OF FUNDS

        3. DEMAND FOR MORTGAGE FOREBEARANCE AND WAIVER
           OF FEES/COSTS

Dear Sir or Madam:

1.     NOTICE OF REPRESENTATION

        I represent Viola Moore.  Please direct all communications relating to this DEMAND to
this office.

2.     DEMAND FOR REIMBURSEMENTS OF FUNDS

        Ms. Moore is the owner of 77E 21st St in Bayonne, New Jersey.  This was a multi-
family, income producing asset.  Unfortunately, the home was destroyed by fire on July 11, 2015
through no fault of Ms. Moore.  Ms. Moore made an insurance claim and the insurance carrier,
The Philadelphia Contributionship, paid on the policy.  $25,000 was paid to the demolition
contractor.  Ms. Moore received $80,000 for lost rent.  The balance of the insurance proceeds,
$295,000, was sent to Ms. Moore in the form of a check made payable to both Ms. Moore and
Bank of America ("BOA").

        BOA refused to indorse the insurance check and release the insurance proceeds to Ms.
Moore.  Instead, BOA required Ms. Moore to deposit the insurance proceeds in an escrow
account with BOA.  BOA had sole and absolute control of this escrow account.  No bank
statements or other information about the escrow account was provided to Ms. Moore.  BOA
represented that it would hold the proceeds in trust for Ms. Moore to be distributed in the form of

1

progress payments as the premises was rebuilt. As a condition precedent for progress payments, BOA required that Ms. Moore hire a professional contractor, that the contract be provided to BOA, that Ms. Moore and the contractor make applications for payment, and that BOA verify that the claimed work was actually performed.

Ms. Moore hired Universal Sales Consultants ("Universal") as her contractor on or about July 31, 2015. Ms. Moore notified BOA that Universal was her contractor. In its contract, Universal promised to design and build the premises by February 28, 2016. Over the next several months, Ms. Moore sought to work with Universal to design the new building and handle land use issues with the City of Bayonne. The project stalled and delayed. Ms. Moore grew more concerned with each passing month. Universal represented to Ms. Moore that the Bayonne land use and building departments were causing the delay. Ms. Moore contacted the Bayonne land use and building departments and they informed her that they had never been contacted by Universal. Ms. Moore terminated Universal in late January, 2016.

Immediately thereafter, Ms. Moore contacted BOA to inquire about the status of the project. Universal's representatives were supposedly in frequent contact with BOA. To her shock, Ms. Moore was informed that BOA had released $177,000 to Universal months earlier. BOA gave Universal a check for $152,000 that was dated September 16, 2015. See Ex. A. It also gave Universal a check for $25,000 that was dated October 28, 2015. See Ex. B. Universal forged Ms. Moore's signature to enable it to cash these checks. These checks were never provided to Ms. Moore. No notice that these checks were sent to Universal was ever provided to Ms. Moore. Ms. Moore never signed any application for payment or other document requesting that these funds be released to Universal. Ms. Moore brought this forgery to BOA's attention. She signed a Fraud Statement of Claimant and demanded return of her $177,000. See Ex. C.

There was no basis for BOA to issue any checks to Universal. BOA never followed its own procedures for release of construction funds. A unilaterally drafted Universal pay schedule, which was not approved by Ms. Moore, states that "1st Distribution/Payment $177,000 60% (Architectural Services, Building Permit Fees, Construction at 40% complete)." See Ex. D. At a minimum, BOA should have:

   a.  notified Ms. Moore that a pay application had been made;
   b.  required Ms. Moore to sign and acknowledge the pay application;
   c.  confirmed that 60% of the project was complete;
   d.  confirmed that there was an architect hired and that drawings had been approved by the Bayonne land use and building departments;
   e.  confirmed that building permits were issued; and
   f.  confirmed that construction was 40% complete.

BOA represented that it would do a fraud investigation and provide Ms. Moore with the results. BOA has given Ms. Moore a myriad of excuses as to why the investigation was not complete and/or why it has not reimbursed Ms. Moore. Those excuses include but are not necessarily limited to:

   a.  fraud investigations take time;

3.      ## DEMAND FOR MORTGAGE FORBEARANCE AND WAIVER OF FEES/COSTS

Ms. Moore has been obligated to pay her mortgage on the premises even though the building was destroyed by fire. The building should have been rebuilt by now and would have been had BOA not wrongfully given $177,000 to Universal and failed to reimburse it. Equity dictates that Ms. Moore be granted a mortgage/foreclosure forbearance until such time as the building is complete. This should include waive of any and all costs, fees, and interests accrued to date.

Ms. Moore loan information is:

Ms. Viola Moore
77 E. 21st Street
Bayonne, NJ 07002
Loan No.: 091707007.

Please do not hesitate to contact me if you have any questions.

                          Very Truly Yours,

                          The Law Office of Matthew H. Sontz, LLC


By:_____
            Matthew H. Sontz, Esq.

4

# EXHIBIT "E"

**Bank of America** ⟩⟩⟩

5401 N. BEACH STREET
TX2-977-01-36
FORT WORTH, TX  76137

C3_12345 C312345H  18241  09/11/2014

VIOLA MOORE
443 AVENUE E
BAYONNE,NJ 7002

**Notice Date:** November 18, 2015

**Account No.:** ▮▮ 7007

**Property Address:**
77 EAST 21ST STREET
BAYONNE,NJ  7002

Dear Viola Moore:

Our records indicate that there is a pending application for loan assistance on your account, but the application is incomplete because we have not received all required documents and information.  As a result, we are no longer actively processing the request at this time.  Please see below under the "What you need to know" section for further information.

**We are no longer actively reviewing your application for loan assistance because we did not receive the requested documents.**

**Please call 800.669.6650 to find out how to complete an application for assistance.**

## What you need to know

If you are interested in being evaluated for loan assistance options, please complete and return your application as soon as possible.

## Important Information about Foreclosure

Subject to applicable law and investor requirements until we have received a completed Borrower Response Package, we may continue to collect missing payments and may even proceed to a foreclosure sale.

**Therefore, you should not ignore any foreclosure notices, you should contact us immediately and be prepared to take steps to respond to any such notices and protect your interests.**

Once your loan enters the foreclosure process (or if it has already entered the foreclosure process), foreclosure activities may continue, unless you have provided your complete Borrower Response Package within the deadlines listed below, subject to applicable law and investor requirements.  That's why it is important that you continue to respond to any foreclosure notice and to any request for additional documentation required to complete your Borrower Response Package.

If you submit a complete Borrower Response Package 37 calendar days or less before a scheduled foreclosure sale, we may attempt to review your loan for a foreclosure alternative, but there is no guarantee we can stop the foreclosure sale.  Even if we are able to approve your loan for a foreclosure alternative prior to a sale, a court with jurisdiction over the foreclosure proceeding (if any) or public official charged with carrying out the sale may not stop the scheduled sale.

# EXHIBIT "F"

Viola Moore
Ref # 91707007
77 East 21st Street
Bayonne NJ 07002


Bank Of America
BAC Home Loans Servicing LP
Property Claim Department


Please Note this letter as formal Authorization for:

UNIVERSAL SALES CONSULTANTS INC. / ALEXANDER DUQUE.
1123A RT 23 SOUTH WAYNE NJ 07470
855-360-5750

Mention Company will be handling the current ongoing fire recovery process on named
property and any Bank Related processes that should be require in order to successfully
complete same project.


Regards,



Viola Moore

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-000531-18

**Case Caption:** MOORE VIOLA  VS BANK OF AMERICAN, N. A.

**Case Initiation Date:** 02/06/2018

**Attorney Name:** ADRIAN JA WAUN JOHNSON

**Firm Name:** JOHNSON & ASSOCIATES AT LAW, PC

**Address:** 280 AMBOY AVE STE 3

METUCHEN NJ 08840

**Phone:**

**Name of Party:** PLAINTIFF : Moore, Viola

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** YES

**If yes, list docket numbers:** HUD-L-2103-16

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/06/2018

Dated

/s/ ADRIAN JA WAUN JOHNSON

Signed

Daniel C. Fleming (NJ Bar No. 18631986)
**WONG FLEMING**
821 Alexander Road, Suite 200
Princeton, NJ  08540
(609) 951-9520
dfleming@wongfleming.com
*Attorneys for Defendant Bank of America, N.A.*

| | |
|---|---|
| VIOLA MOORE,<br><br>               Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, NA; JP MORGAN<br>CHASE BANK, NA; and JOHN DOE.<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br><br>DOCKET NO. HUD-L-531-18<br><br>CIVIL ACTION<br><br><br>**STIPULATION TO EXTEND TIME TO<br>ANSWER OR OTHERWISE PLEAD<br>PURSUANT TO RULE 4:6-1(c)** |

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for Plaintiff Viola Moore and Defendant Bank of America, N.A. that the time within which Defendant Bank of America, N.A. may file its responsive pleading, pursuant to <u>R</u>. 4:6-1(c), is extended up to and including July 30, 2018.


JOHNSON & ASSOCIATES, P.C.         WONG FLEMING
*Attorneys for Plaintiff Viola Moore*      *Attorneys for Defendant Bank of America, N.A .*



By:_Adrian J. Johnson_____      By:_Daniel C. Fleming_____
      Adrian J. Johnson, Esq.               Daniel C. Fleming, Esq.

Dated:  July 13, 2018              Dated:  July 13, 2018

```
HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY      NJ 07306
                                TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 217-5162
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   FEBRUARY 06, 2018
                        RE:     MOORE VIOLA  VS BANK OF AMERICAN, N. A.
                        DOCKET: HUD L -000531 18

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON FRANCIS B. SCHULTZ

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (201) 795-6116.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                              ATT: ADRIAN J. JOHNSON
                              JOHNSON & ASSOCIATES AT LAW, P
                              280 AMBOY AVE STE 3
                              METUCHEN        NJ 08840

ECOURTS
```