# EXHIBIT B

Anthony J. Sylvester (Bar No. 18331983)
Anthony C. Valenziano (Bar No. 26392008)
SHERMAN WELLS SYLVESTER & STAMELMAN LLP
210 Park Avenue, 2nd Floor
Florham Park, New Jersey 07932
 (973) 302-9700

Attorneys for Defendant
JPMorgan Chase Bank, N.A.

|  |  |
|---|---|
| VIOLA MOORE,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A; JP MORGAN CHASE BANK, N.A.; AND JOHN DOE,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, HUDSON COUNTY<br>DOCKET NO.HUD-L-531-18<br><br>CIVIL ACTION<br><br>**ANSWER AND AFFIRMATIVE DEFENSES<br>OF JPMORGAN CHASE BANK, N.A.** |

Defendant, JPMorgan Chase Bank, N.A. ("Chase"), incorrectly named as JP Morgan Chase Bank, NA in the above captioned action (the "Action"), asserts the following as its Answer with Affirmative Defenses to the Verified Complaint and Jury Demand, dated February 6, 2018 (the "Complaint"), filed by plaintiff, Viola Moore ("Plaintiff"), in connection with this Action.

**THE PARTIES**

1.      Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2.      Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3.      Chase admits only that JPMorgan Chase Bank, N.A. is a national banking association with its principal office located at 1111 Polaris Parkway, Columbus, Ohio, and

banking branches located in the State of New Jersey.  Chase denies the remaining allegations set forth in Paragraph 3 of the Complaint.

## FIRST COUNT

### UCC §3-404 IMPOSTORS; FICTITIOUS PAYEES
### (BANK OF AMERICA & CHASE BANK)

1.      Chase repeats and realleges its responses to each of the allegations contained in the preceding paragraphs set forth in the "Parties" section of the Complaint as if set forth at length herein.

2.      The allegations set forth in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Chase denies the allegations set forth in Paragraph 2 of the Complaint.

3.      Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.  Chase further refers to the document referenced in Paragraph 3 of the Complaint for the contents thereof.

4.      Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.  Chase further refers to the document referenced in Paragraph 4 of the Complaint for the contents thereof.

5.      Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6.      Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7.      Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.  Chase further refers to the document referenced in Paragraph 7 of the Complaint for the contents thereof.

8.      Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9.      Chase admits that on or about November 3, 2015, Chase paid to Universal Sales Consultants Inc. Check Number 1433947, in the amount of $25,000.00.   Chase further admits that, on or about September 21, 2015, Chase paid to Universal Sales Consultants Inc. Check Number 1402188, in the amount of $152,000.00.   Chase further refers to the documents referenced in Paragraph 9 of the Complaint for the contents thereof.   Chase denies the remaining allegations set forth in Paragraph 9 of the Complaint.

10.     The allegations set forth in Paragraph 10 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Chase denies the allegations set forth in Paragraph 10 of the Complaint.

11.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.  Chase further refers to the document referenced in Paragraph 11 of the Complaint for the contents thereof.

## SECOND COUNT

### UCC §3-406 NEGLIGENT CONTRIBUTING TO FORGED SIGNATURE OR ALTERATION OF AN INSTRUMENT FORGERY
### (BANK OF AMERICA & CHASE BANK)

12.     Chase repeats and realleges its responses to each of the allegations contained in the preceding paragraphs set forth in the Complaint as if set forth at length herein.

13.     The allegations set forth in Paragraph 13 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Chase denies the allegations set forth in Paragraph 13 of the Complaint.

14.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint. Chase further refers to the documents referenced in Paragraph 16 of the Complaint for the contents thereof.

17.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.  Chase further refers to the documents referenced in Paragraph 19 of the Complaint for the contents thereof.

20.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21.     Chase admits only that, on or about on or about September 21, 2015, Chase paid to Universal Sales Consultants Inc. Check Number 1402188, in the amount of $152,000.00. Chase denies the remaining allegations set forth in Paragraph 21 of the Complaint.

22.     Chase denies the allegations set forth in Paragraph 22 of the Complaint.

23.     Chase admits only that, on or about November 3, 2015, Chase paid to Universal Sales Consultants Inc. Check Number 1433947, in the amount of $25,000.00.  Chase denies the remaining allegations set forth in Paragraph 23 of the Complaint.

### THIRD COUNT

### UCC §3-417 BREACH OF PRESENTMENT WARRANTIES
### (CHASE BANK)

24.      Chase repeats and realleges its responses to each of the allegations contained in the preceding paragraphs set forth in the Complaint as if set forth at length herein.

25.      Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint. Chase further refers to the document referenced in Paragraph 25 of the Complaint for the contents thereof.

26.      Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.  Chase further refers to the document referenced in Paragraph 26 of the Complaint for the contents thereof.

27.      Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.  Chase further refers to the document referenced in Paragraph 27 of the Complaint for the contents thereof.

28.      Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint.

29.      The allegations set forth in Paragraph 29 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Chase denies the allegations set forth in Paragraph 29 of the Complaint.

30.      The allegations set forth in Paragraph 30 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Chase denies the allegations set forth in Paragraph 30 of the Complaint.

### FOURTH COUNT

### UCC §3-420 CONVERSION
### (BANK OF AMERICA & CHASE BANK)

31.     Chase repeats and realleges its responses to each of the allegations contained in the preceding paragraphs set forth in the Complaint as if set forth at length herein.

32.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.  Chase further refers to the document referenced in Paragraph 32 of the Complaint for the contents thereof.

33.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

35.     Chase denies the allegations set forth in Paragraph 35 of the Complaint.

36.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

37.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint.  Chase further refers to the document referenced in Paragraph 37 of the Complaint for the contents thereof.

38.     Chase denies the allegations set forth in Paragraph 38 of the Complaint.  Chase further refers to the document referenced in Paragraph 38 of the Complaint for the contents thereof.

39.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.  Chase further refers to the document referenced in Paragraph 39 of the Complaint for the contents thereof.

**FIFTH COUNT**

**UCC §4-401 IMPROPER PAYMENT FROM ACCOUNT**
**(BANK OF AMERICA)**

40.     Chase repeats and realleges its responses to each of the allegations contained in the preceding paragraphs set forth in the Complaint as if set forth at length herein.

41.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint.  Chase further refers to the document referenced in Paragraph 41 of the Complaint for the contents thereof.

42.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint.

43.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint.

44.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint.

45.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  The allegations set forth in Paragraph 45 of the Complaint further

constitute legal conclusions to which no response is required.  To the extent that a response is required, Chase denies the allegations set forth in Paragraph 45 of the Complaint.

**SIXTH COUNT**

**BREACH OF CONTRACT**
**(BANK OF AMERICA)**

46.     Chase repeats and realleges its responses to each of the allegations contained in the preceding paragraphs set forth in the Complaint as if set forth at length herein.

47.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint.

48.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint.

49.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint.

50.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint.

51.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint.  Chase further refers to the document referenced in Paragraph 51 of the Complaint for the contents thereof.

52.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint.

53.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint.

54.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  The allegations set forth in Paragraph 54 of the Complaint further constitute legal conclusions to which no response is required.  To the extent that a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Complaint.

### SEVENTH COUNT

### COMMON LAW FRAUD
### (BANK OF AMERICA & CHASE BANK)

55.     Chase repeats and realleges its responses to each of the allegations contained in the preceding paragraphs set forth in the Complaint as if set forth at length herein.

56.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint.  Chase further refers to the document referenced in Paragraph 56 of the Complaint for the contents thereof.

57.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint.

58.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint.

59.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Complaint.  Chase further refers to the document referenced in Paragraph 59 of the Complaint for the contents thereof.

60.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint.  Chase further refers to the document referenced in Paragraph 60 of the Complaint for the contents thereof.

61.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint.

62.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint.  Chase further refers to the document referenced in Paragraph 62 of the Complaint for the contents thereof.

63.     The allegations set forth in Paragraph 63 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Chase denies the allegations set forth in Paragraph 63 of the Complaint.

### i.    Fraudulent Concealment by a Fiduciary

64.    Chase repeats and realleges its responses to each of the allegations contained in the preceding paragraphs set forth in the Complaint as if set forth at length herein.

65.    The allegations set forth in Paragraph 65 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint.

66.    Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint.

67.    Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint.

68.    Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint.

### ii.    Fraudulent Negotiable Instrument Paid or Taken

69.    Chase repeats and realleges its responses to each of the allegations contained in the preceding paragraphs set forth in the Complaint as if set forth at length herein.

70.    Chase states only that on or about November 3, 2015, Chase paid to Universal Sales Consultants Inc. Check Number 1433947, in the amount of $25,000.00.  Chase further states that, on or about September 21, 2015, Chase paid to Universal Sales Consultants Inc. Check Number 1402188, in the amount of $152,000.00.  Chase denies the remaining allegations set forth in Paragraph 70 of the Complaint.  Chase further refers to the document referenced in Paragraph 70 of the Complaint for the contents thereof.

71.     Chase admits only that it was the depository bank.  Chase denies the remaining allegations set forth in Paragraph 71 of the Complaint.

72.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Complaint.  Chase further refers to the document referenced in Paragraph 72 of the Complaint for the contents thereof.

73.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint.

**EIGHTH COUNT**

**COMMON LAW BREACH OF FIDUCIARY DUTIES**
**(BANK OF AMERICA)**

74.     Chase repeats and realleges its responses to each of the allegations contained in the preceding paragraphs set forth in the Complaint as if set forth at length herein.

75.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint.

76.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Complaint.

77.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint.

78.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Complaint.

79.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  The allegations set forth in Paragraph 79 of the Complaint further constitute legal conclusions to which no response is required.  To the extent that a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Complaint.  Chase further refers to the document referenced in Paragraph 79 of the Complaint for the contents thereof.

80.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint.

81.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  The allegations set forth in Paragraph 81 of the Complaint further constitute legal conclusions to which no response is required.  To the extent that a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint.

### i.     Lender's Breach of Fiduciary Duties Owed to a Borrower

82.     Chase repeats and realleges its responses to each of the allegations contained in the preceding paragraphs set forth in the Complaint as if set forth at length herein.

83.     This Count of the Complaint is not directed against Chase and, as such, no response is required.   To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Complaint.

84.     This Count of the Complaint is not directed against Chase and, as such, no response is required.   To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Complaint.

85.     This Count of the Complaint is not directed against Chase and, as such, no response is required.   To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Complaint.

86.     This Count of the Complaint is not directed against Chase and, as such, no response is required.   To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of the Complaint.

87.     This Count of the Complaint is not directed against Chase and, as such, no response is required.   The allegations set forth in Paragraph 87 of the Complaint further constitute legal conclusions to which no response is required.   To the extent that a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the Complaint.   Chase further refers to the document referenced in Paragraph 87 of the Complaint for the contents thereof.

88.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Complaint.

89.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  The allegations set forth in Paragraph 89 of the Complaint further constitute legal conclusions to which no response is required.  To the extent that a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Complaint.

## NINTH COUNT

### COMMON LAW BAD FAITH AND FAIR DEALINGS
### (BANK OF AMERICA)

90.     Chase repeats and realleges its responses to each of the allegations contained in the preceding paragraphs set forth in the Complaint as if set forth at length herein.

91.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  The allegations set forth in Paragraph 91 of the Complaint further constitute legal conclusions to which no response is required.  To the extent that a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Complaint.

92.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase denies the allegations set forth in Paragraph 92 of the Complaint.

93.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase denies the allegations set forth in Paragraph 93 of the Complaint.

94.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent a response is required, Chase denies the allegations set forth in Paragraph 94 of the Complaint. Chase further refers to the document referenced in Paragraph 94 of the Complaint for the contents thereof.

95.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent that a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95 of the Complaint.

96.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent that a response is required, Chase states that, on or about March 3, 2016, Chase received demands from Bank of America for reimbursement, pursuant to UCC § 4-207, of Check Number 1402188, in the amount of $152,000.00, and Check Number 1433947, in the amount of $25,000.00.   Chase states avers that, on October 16, 2017, Chase refunded the money as requested by Bank of America by issuing two cashier checks, made payable to Bank of America, in the respective amounts of $25,000.00 and $152,000.00.   Chase denies the remaining allegations set forth in Paragraph 96 of the Complaint.

97.     This Count of the Complaint is not directed against Chase and, as such, no response is required.  To the extent that a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97

of the Complaint. Chase further refers to the document referenced in Paragraph 97 of the Complaint for the contents thereof.

98.    This Count of the Complaint is not directed against Chase and, as such, no response is required. To the extent that a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98 of the Complaint.

99.    This Count of the Complaint is not directed against Chase and, as such, no response is required. To the extent that a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 of the Complaint. Chase further refers to the document referenced in Paragraph 99 of the Complaint for the contents thereof.

100.    This Count of the Complaint is not directed against Chase and, as such, no response is required. To the extent that a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Complaint. Chase further refers to the document referenced in Paragraph 100 of the Complaint for the contents thereof.

101.    This Count of the Complaint is not directed against Chase and, as such, no response is required. To the extent that a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101 of the Complaint.

## TENTH COUNT

## COMMON LAW NEGLIGENT MISREPRESENTATION
### (BANK OF AMERICA & CHASE BANK)

102.    Chase repeats and realleges its responses to each of the allegations contained in the preceding paragraphs set forth in the Complaint as if set forth at length herein.

103.    Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103 of the Complaint.  Chase further refers to the document referenced in Paragraph 103 of the Complaint for the contents thereof.

104.    Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 of the Complaint.

105.    Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Complaint.

106.    Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106 of the Complaint.

107.    The allegations set forth in Paragraph 107 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 of the Complaint.

108.    Chase denies the allegations set forth in Paragraph 108 of the Complaint to the extent that they relate to Chase, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph, and avers that, on or about March 3, 2016, Chase received demands from Bank of America for reimbursement, pursuant to UCC § 4-207, of Check Number 1402188, in the amount of $152,000.00, and Check Number 1433947, in the amount of $25,000.00.  Chase further avers that, on October 16, 2017, Chase

18

refunded the money as requested by Bank of America by issuing two cashier checks, made payable to Bank of America, in the respective amounts of $25,000.00 and $152,000.00.

109.    Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109 of the Complaint.

110.    Chase is unable to determine what is being alleged by Plaintiff in Paragraph 110 of the Complaint and is therefore unable to respond thereto.  To the extent that a response is required, Chase denies the allegations set forth in Paragraph 110 of the Complaint and respectfully refers the Court to the document referenced therein for its true content and meaning.

111.    Chase denies the allegations set forth in Paragraph 111 of the Complaint.

### ELEVENTH COUNT

### COMMON LAW CIVIL CONSPIRACY
### (BANK OF AMERICA & CHASE BANK)

112.    Chase repeats and realleges its responses to each of the allegations contained in the preceding paragraphs set forth in the Complaint as if set forth at length herein.

113.    Chase denies the allegations set forth in Paragraph 113 of the Complaint.

114.    Chase denies the allegations set forth in Paragraph 114 of the Complaint.

115.    The allegations set forth in Paragraph 107 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Chase denies the allegations set forth in Paragraph 115 of the Complaint.

### AFFIRMATIVE DEFENSES

Chase asserts the following affirmative defenses to the causes of action set forth in the Complaint.  Chase reserves the right to assert additional affirmative defenses based on additional facts as may be revealed during discovery in this action.

<u>**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**</u>

The Complaint fails to state a cause of action upon which relief may be granted as against Chase.   In particular, Chase exercised reasonable care in the processing and handling of the checks that are at the subject matter of this action.   Additionally, upon information and belief, Plaintiff authorized Universal Sale Consultants Inc. and/or John Does to conduct transactions on behalf of Plaintiff in connection with funds held by Bank of America.   Further to this point, Plaintiff, upon information and belief, was not entitled to any of the proceeds of the checks at issue in this matter and the intended payee, Universal and/or John Does, received those proceeds. Plaintiff's claims against Chase further fail because Chase, as pled in the Complaint, reimbursed all funds paid out on the two items, $177,000, to Bank of America in satisfaction of any potential claim against Chase based on Chase's negotiation of the two items.   Thus, Plaintiff's sole recourse is reimbursement of those funds directly from Bank of America.

Plaintiff also cannot assert common law claims against Chase where, as is the case here, the Uniform Commercial Code defines the rights and obligations of the parties as to the negotiation and handling of checks.

<u>**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**</u>

No act or omission on the part of Chase was the proximate or actual cause of any alleged injuries or damages Plaintiff alleges to have suffered.   Chase incorporates herein the facts set forth in its First Affirmative Defense.

<u>**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**</u>

Plaintiff, by her own negligence, substantially contributed to the making of the alleged unauthorized transactions referred to in the Complaint, and is thus precluded from maintaining

this action, in whole or in part, by reason of N.J.S.A. § 12A:3-406 and/or N.J.S.A. § 12A:3-420.

Chase incorporates herein the facts set forth in its First Affirmative Defense.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendant John Doe and/or other unnamed defendants had the actual or apparent authority to conduct the transactions described in the Complaint.   Chase incorporates herein the facts set forth in its First Affirmative Defense.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Chase has at all times acted in good faith and in accordance with reasonable commercial standards.  Chase incorporates herein the facts set forth in its First Affirmative Defense.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the defenses of laches, waiver, ratification, estoppel, and/or unclean hands.   Chase incorporates herein the facts set forth in its First Affirmative Defense.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's own conduct contributed to and/or caused any harm that he allegedly suffered. Chase incorporates herein the facts set forth in its First Affirmative Defense.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason that Plaintiff may not recover from Chase for alleged wrongful acts of others.  Chase incorporates herein the facts set forth in its First Affirmative Defense.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has been compensated for the alleged damages, if any, the amount of any such compensation should be set off against any recovery Plaintiff may receive in this Action.  Chase incorporates herein the facts set forth in its First Affirmative Defense.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has a policy of insurance covering any losses referred to in the Complaint, Plaintiff is precluded from recovery of such funds from Chase. Chase incorporates herein the facts set forth in its First Affirmative Defense.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert a claim against Chase for breach of the presentment warranty.  Chase incorporates herein the facts set forth in its First Affirmative Defense.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The claims asserted against Chase are barred in whole or in part by the applicable statutory and regulatory provisions, including the Uniform Commercial Code.   Chase incorporates herein the facts set forth in its First Affirmative Defense.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The claims asserted against Chase are barred in whole or in part because the proceeds of the checks at issue in this matter were received by the intended payee.  Chase incorporates herein the facts set forth in its First Affirmative Defense.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The claims asserted against Chase are barred in whole or in part because Chase has reimbursed Bank of America, N.A. the full amount of the proceeds of the checks at issue in this

matter and, as such, Chase is no longer liable to any party in this matter.  Chase incorporates herein the facts set forth in its First Affirmative Defense.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

The claims asserted against Chase are barred in whole or in part because Plaintiff was not entitled to any of the proceeds of the checks at issue in this matter.  Chase incorporates herein the facts set forth in its First Affirmative Defense.

**WHEREFORE,** defendant JPMorgan Chase Bank, N.A., improperly pled as JP Morgan Chase Bank, N.A., respectfully demands judgment in its favor dismissing with prejudice the Verified Complaint of plaintiff Viola Moore, together with attorney's fees, costs and such other and further relief as this Court may deem appropriate and just.

SHERMAN WELLS SYLVESTER
& STAMELMAN LLP
Attorneys for Defendant
JPMorgan Chase Bank, N.A.

By: _____
ANTHONY J. SYLVESTER

DATED:        April 2, 2018

## TRIAL COUNSEL DESIGNATION

Anthony J. Sylvester, Esq. is designated as trial counsel for Chase in this matter.

SHERMAN WELLS SYLVESTER
& STAMELMAN LLP
Attorneys for Defendant
JPMorgan Chase Bank, N.A.

By: _____
ANTHONY J. SYLVESTER

DATED:      April 2, 2018

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matter in controversy is not the subject matter of any other action pending in any court or of a pending arbitration proceeding and that no such other action or arbitration proceeding is contemplated, except that Plaintiff has identified in the Verified Complaint an action, Universal Renovation Consultants, Inc. v. Viola Moore, HUD-L-2103-16. I further certify that, to the best of my knowledge, there is no other party who should be joined in this matter pursuant to R. 4:28 or who is subject to joinder pursuant to R. 4:29-1(b).

SHERMAN WELLS SYLVESTER
& STAMELMAN LLP
Attorneys for Defendant
JPMorgan Chase Bank, N.A.

By: _____
ANTHONY J. SYLVESTER

DATED:      April 2, 2018

## CERTIFICATE OF SERVICE

I hereby certify that this Answer and Affirmative Defenses was served via email and Federal

Express.

Adrian J. Johnson, Esq.
Johnson & Associates, P.C.
280 Amboy Ave., Ste. 3
Metuchen, NJ 08840
*Attorneys for Plaintiff Viola Moore*

_____
ANTHONY C. VALENZIANO

DATED:      April 2, 2018

4828-6101-4112, v. 1

25

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-000531-18

**Case Caption:** MOORE VIOLA  VS BANK OF AMERICAN,
N. A.

**Case Initiation Date:** 02/06/2018

**Attorney Name:** ANTHONY CARMINE VALENZIANO

**Firm Name:** SHERMAN WELLS SYLVESTER &
STAMELMAN LLP

**Address:** 210 PARK AVENUE 2ND FLOOR
FLORHAM PARK NJ 07932

**Phone:**

**Name of Party:** DEFENDANT : JP MORGAN CHASE BANK,
N.A.

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Answer

**Jury Demand:** NONE

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
     **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/02/2018                                                              /s/ ANTHONY CARMINE VALENZIANO
Dated                                                                    Signed