# EXHIBIT C

Anthony J. Sylvester (Bar No. 18331983)
Anthony C. Valenziano (Bar No. 26392008)
SHERMAN WELLS SYLVESTER & STAMELMAN LLP
210 Park Avenue, 2nd Floor
Florham Park, New Jersey 07932
(973) 302-9700

Attorneys for Defendant
JPMorgan Chase Bank, N.A.

| | |
|---|---|
| VIOLA MOORE,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A; JPMORGAN CHASE BANK, N.A.; AND JOHN DOE,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, HUDSON COUNTY DOCKET NO.HUD-L-531-18<br><br>CIVIL ACTION<br><br>**NOTICE OF MOTION OF JPMORGAN CHASE BANK, N.A. TO COMPEL DISCOVERY** |

TO:     Adrian Johnson, Esq.
        Johnson Legal, P.C.
        280 Amboy Avenue, Suite 3
        Metuchen, New Jersey 08840
        Attorney for Plaintiff

        Daniel C. Fleming, Esq.
        Wong Fleming
        821 Alexander Road, Suite 200
        Princeton, New Jersey 08540
        Attorney for defendant Bank of America

PLEASE TAKE NOTICE that, on Friday, August 17, 2018, at 9:00 in the

forenoon or as soon thereafter as counsel may be heard, Sherman Wells Sylvester &

Stamelman LLP, attorneys for defendant JPMorgan Chase Bank, N.A. ("Chase"), shall

apply to the Superior Court of New Jersey, Law Division, at the Hudson County

Courthouse, 583 Newark Avenue, Jersey City, New Jersey, for an Order: (1) compelling

more specific answers to Chase's First Set of Interrogatories to plaintiff Viola Moore ("Plaintiff"); (2) compelling the production of written responses and documents responsive to Chase's First Request for Production of Documents on Plaintiff; and (4) awarding Chase its fees and costs incurred in connection with this motion.

PLEASE TAKE FURTHER NOTICE that, in support of the within motion, Chase shall rely upon the Certification of Anthony C. Valenziano, filed herewith.

PLEASE TAKE FURTHER NOTICE that a proposed form of Order is submitted herewith.

SHERMAN WELLS SYLVESTER
& STAMELMAN LLP
Attorneys for Plaintiff
JPMorgan Chase Bank, N.A.

By: _____
ANTHONY C. VALENZIANO

DATED:  July 26, 2018

## CERTIFICATION OF SERVICE

I hereby certify that on the date hereof, I caused a true copy of the within Notice of Motion and supporting papers to be sent via eCourts, email and FedEx on counsel of record for Plaintiff and defendant Bank of America, N.A.

ANTHONY C. VALENZIANO

DATED:  July 26, 2018

4819-3808-5741, v. 1

Anthony J. Sylvester (Bar No. 18331983)
Anthony C. Valenziano (Bar No. 26392008)
SHERMAN WELLS SYLVESTER & STAMELMAN LLP
210 Park Avenue, 2nd Floor
Florham Park, New Jersey 07932
 (973) 302-9700

Attorneys for Defendant
JPMorgan Chase Bank, N.A.

| | |
|---|---|
| VIOLA MOORE,<br><br>Plaintiff,<br><br>vs**.**<br><br>BANK OF AMERICA, N.A; JPMORGAN CHASE BANK, N.A.; AND JOHN DOE,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, HUDSON COUNTY DOCKET NO.HUD-L-531-18<br><br>CIVIL ACTION<br><br>**ORDER GRANTING JPMORGAN CHASE BANK, N.A.'S MOTION TO COMPEL DISCOVERY** |

THIS MATTER, having been brought before the Court by Sherman Wells Sylvester & Stamelman LLP, attorneys for defendant JPMorgan Chase Bank, N.A. ("Chase") for an Order: (1) compelling more specific answers to Chase's First Set of Interrogatories to plaintiff Viola Moore ("Plaintiff"); (2) compelling the production of written responses and documents responsive to Chase's First Request for Production of Documents on Plaintiff; and (4) awarding Chase its fees and costs incurred in connection with this motion; and for good cause shown:

IT IS on this _____ day of _____, 2018;

ORDERED that Chase's motion **IS GRANTED**; and it is further

ORDERED that Plaintiff shall provide more specific responses to Chase's First Set of Interrogatories Nos. 1, 2, 6, 15, 17, 23, 25, 26, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40 and 41 on or before September 1, 2018; and it is further

ORDERED that Plaintiffs shall produce written responses and documents responsive to Chase's First Request for the Production of Documents on or before September 1, 2018; and it is further

ORDERED that Chase is awarded its fees and costs incurred in connection with the filing of this motion; and it is further

ORDERED that Chase shall submit a certification of services regarding its fees and costs incurred in connection of the filing of this motion within _____ days of this Order; and it is further

ORDERED that a true copy of this Order be served upon all parties within _____ days of the date hereof.

_____
HON. _____


___ Opposed

___ Unopposed

4816-8660-4654, v. 1

Anthony J. Sylvester (Bar No. 18331983)
Anthony C. Valenziano (Bar No. 26392008)
SHERMAN WELLS SYLVESTER & STAMELMAN LLP
210 Park Avenue, 2nd Floor
Florham Park, New Jersey 07932
(973) 302-9700

Attorneys for Defendant
JPMorgan Chase Bank, N.A.

| | |
|---|---|
| VIOLA MOORE,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A; JPMORGAN CHASE BANK, N.A.; AND JOHN DOE,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, HUDSON COUNTY DOCKET NO.HUD-L-531-18<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF ANTHONY C. VALENZIANO IN SUPPORT OF JPMORGAN CHASE BANK, N.A.'S MOTION TO COMPEL DISCOVERY** |

I, ANTHONY C. VALENZIANO, do hereby certify as follows:

1.      I am an attorney with Sherman Wells Sylvester & Stamelman LLP, attorneys for defendant JPMorgan Chase Bank, N.A. ("Chase").  I am fully familiar with the facts set forth herein and submit this certification in support of Chase's motion for an Order: (1) compelling more specific answers to Chase's First Set of Interrogatories to plaintiff Viola Moore ("Plaintiff"); (2) compelling written responses and the production of documents responsive to Chase's First Request for Production of Documents; and (3) awarding Chase its fees and costs incurred in connection with this motion.

2.      On or about May 9, 2018, Chase served Plaintiff with: (1) Chase's First Set of Interrogatories; and (2) Chase's First Request for the Production of

Documents.  A true and complete copy of the Federal Express confirmation of delivery to Plaintiff's counsel is attached hereto as **Exhibit A**.  True and complete copies of: (1) Chase's First Set of Interrogatories on Plaintiff; and (2) Chase's First Request for the Production of Documents on Plaintiff are attached hereto as **Exhibits B and C**, respectively.

3.      By letter dated June 22, 2018, I advised Plaintiff's counsel that Plaintiff's responses to Chase's First Request for the Production of Documents were overdue.  A true and complete copy of my letter dated June 22, 2018 is attached hereto as **Exhibit D**.

4.      Subsequently thereafter, Plaintiff's counsel advised me that Plaintiff required additional time to produce responses to Chase's First Request for the Production of Documents.  Accordingly, Chase agreed to provide Plaintiff until July 6, 2018 to provide these responses.

5.      On or about July 5, 2018, Plaintiff served her responses to Chase's First Set of Interrogatories.  A true and complete copy of Plaintiff's responses to Chase's First Set of Interrogatories are attached hereto as **Exhibit E**.

6.      Plaintiff did not provide responses to Chase's First Request for the Production of Documents on July 6, 2018.  Accordingly, by way of letter dated July 9, 2018, I advised Plaintiff's counsel that Plaintiff's responses were again overdue.  A true and complete copy of my letter dated July 9, 2018 is attached hereto as **Exhibit F**.

7.      I also advised Plaintiff's counsel in my letter that, upon review, Plaintiff's responses to Chase's First Set of Interrogatories were largely deficient.  In particular, Plaintiff failed to provide any response to Interrogatory Nos. 1, 6, 15, 17, 25,

28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40 and 41, instead responding to those interrogatories with an "N/A." These interrogatories that were not answered include, among others, interrogatories seeking information relating to Plaintiff's alleged damages in this action. Additionally, Plaintiff failed to provide complete responses to Interrogatory Nos. 2, 23, and 26, including failing to provide the identification of any persons with knowledge in this matter.

8. The current discovery end date in this matter is January 27, 2019, with discovery having not been previously extended.

9. Chase is entitled to the production of complete responses to its interrogatories and document requests. Among other things, the identified interrogatories seek the factual basis for Plaintiff's claims against Chase, the method and manner in which Plaintiff calculated her alleged damages, and the identity of persons with knowledge in this matter. However, Plaintiff's responses to the identified interrogatories fail to provide any of the requested information. Additionally, Chase is entitled to all documents that have been requested as part of Chase's First Request for Production of Documents.

10. Additionally, pursuant to R. 4:23-1(c), Chase respectfully requests its fees and costs associated with the filing of this motion.

11. No dates for pretrial conferences, arbitration hearings, or trial have been fixed by the Court in this matter.

12. Chase is not in default of its discovery obligations to Plaintiff in this matter.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements by me are willfully false, I am subject to punishment.

_____
ANTHONY C. VALENZIANO

DATED:  July 26, 2018

4841-8623-2685, v. 1

EXHIBIT A





77218239396 7

# Delivered

## Wednesday 5/09/2018 at 1:36 pm

**DELIVERED**

Signed for by: M.LOPEZ




**GET STATUS UPDATES**

**OBTAIN PROOF OF DELIVERY**

TO

JOHNSON & ASSOCIATES PC
ADRIAN JOHNSON, ESQ.
SUITE 640
581 MAIN STREET
WOODBRIDGE, NJ US 07095
973 302-9700

FROM

SHERMN WELLS SYLVESTER & STAMELMAN
HIRA DURRANI
2nd floor
210 park ave
florham park, NJ US 07932
973 302-9700

EXHIBIT B

Anthony J. Sylvester (Bar No. 018331983)
Anthony C. Valenziano (Bar No. 026392008)
SHERMAN WELLS SYLVESTER & STAMELMAN LLP
210 Park Avenue, 2nd Floor
Florham Park, New Jersey 07932
(973) 302-9700

Attorneys for Defendant
JPMorgan Chase Bank, N.A.

|  |  |
|---|---|
| VIOLA MOORE,<br><br>                                   Plaintiff,<br><br>                   vs.<br><br>BANK OF AMERICA, N.A.; JP MORGAN<br>CHASE BANK, N.A.; and JOHN DOE,<br><br>                                   Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, HUDSON COUNTY<br>DOCKET NO. HUD-L-531-18<br><br>CIVIL ACTION<br><br>**JPMORGAN CHASE BANK, N.A.'S FIRST<br>SET OF INTERROGATORIES ON<br>PLAINTIFF** |

**TO:**        Adrian Johnson, Esq.
               Johnson & Associates, P.C.
               280 Amboy Avenue, Suite 3
               Metuchen, NJ 08840
               Attorneys for Plaintiff

**PLEASE TAKE NOTICE** that, pursuant to the Rules Governing the Courts of the State

of New Jersey, defendant JPMorgan Chase Bank, N.A., improperly pled as JP Morgan Chase

Bank, N.A. ("Chase") hereby serves the following interrogatories to be answered under oath by

plaintiff Viola Moore ("Plaintiff"). The responses to these interrogatories are governed by those

Rules and by the Definitions and Instructions that follow. Chase reserves the right to serve

additional sets of interrogatories after further discovery.

SHERMAN WELLS SYLVESTER
& STAMELMAN LLP
Attorneys for Defendant
JPMorgan Chase Bank, N.A.


By: _____

ANTHONY C. VALENZIANO

DATED:  April 27, 2018

2

### INSTRUCTIONS

1.      Each interrogatory shall be answered separately.  Interrogatories should not be combined for the purpose of supplying a common answer thereto, but answers may be supplied by reference to the answer of another interrogatory.

2.      Where an interrogatory cannot be answered in full, state why and furnish all available information.  Estimated dates should be given when, but only when, exact dates cannot be supplied.  Any estimates should be identified as such.  The sources and means of derivation of each estimate should be specifically set forth.

3.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice-versa; the neuter form of a pronoun shall be considered to include within its meaning the masculine and feminine forms of the pronoun, and vice-versa; and the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb.  In each instance, the interrogatory shall be construed so as to facilitate the most complete and inclusive answer.

4.      These interrogatories shall be deemed to be continuing, so as to require supplemental answers if and when Plaintiff comes into possession of information responsive to these interrogatories that has not previously been supplied in answer to these interrogatories.  Such supplemental answers are to be served as soon as reasonably possible after the information is obtained.  The date such additional information comes into Plaintiff's possession shall be specified, and also the identity of the individuals who furnished such additional information to the person preparing the answer.

3

5.      If Plaintiff objects to a portion or an aspect of an interrogatory, state the grounds for objection and answer the remainder of the interrogatory.  For any interrogatory response withheld or qualified under a claim of privilege, specify the nature and basis of the claim of privilege and the identity of each person who has the knowledge necessary to respond to the interrogatory for which a privilege is being asserted.

## DEFINITIONS

The following terms shall have the indicated scope and meaning:

1.      The term "identify" when used herein in connection with:

**natural persons** means to state their full names, titles, and job descriptions, if applicable, and their present business and home addresses and telephone numbers; and

**documents** means to describe the type of document (e.g., letter, memorandum, report, minutes, etc.); its title and date; the number of pages; its subject matter; the identity of the person(s) who signed the document, authorized the document, or participated in its preparation; the identity of its addressee(s) or recipient(s); the identity of each person who received copies; its present location and the identity of its custodian; and the date, time, and place it was prepared or rendered.

2.      The term "person" shall include natural persons, proprietorships, corporations, partnerships, groups, associations, organizations, government agencies, limited liability companies, trusts and any other forms of entity.

3.      The terms "relevant to," "relate to," "referring to," and "relating to" include constituting, pertaining to, recording, evidencing, memorializing, embodying, setting forth, reflecting, showing, disclosing, reporting, describing, discussing, evaluating, considering, reviewing, explaining, analyzing, summarizing and concerning.

4

4.      The terms "describe" "explain," and "state" mean to provide a comprehensive, complete and detailed description, explanation, or listing of the matter inquired of.

5.      The term "Complaint" refers to the Complaint filed in the lawsuit captioned above and any subsequent amendments thereto.

6.      The term "Property" refers to the property commonly known as 77 East 21st Street, Bayonne, New Jersey 07002.

7.      The term "Checks" collectively refers to two checks issued by Bank of America, N.A. ("BOA"), Check No. 1402188 dated September 16, 2015 in the amount of $152,000 and made payable to Universal Sales Consultants Inc. and Plaintiff, and Check No. 1433947 dated October 28, 2015 in the amount of $25,000 and made payable to Universal Sales Consultants Inc. and Plaintiff.

8.      The term "Action" refers to the lawsuit captioned above and the subject matter thereof, including but not limited to the Complaint and allegations therein.

9.      Unless otherwise stated herein, the relevant time period is January 1, 2005 through the completion of this Action.

10.     The phrase "subject matter of this Action" refers to the factual allegations and legal counts set forth in the pleadings in this matter.

11.     The term "you" or "yours" means Plaintiff and/or those persons or entities in active concert or participation with her, including Plaintiff's employees, owners, shareholders, members, partners, contractors, agents, advisors or other representatives.

## INTERROGATORIES

1.     State the name, address, and position of each person who provided information that formed the basis for any answer to the within interrogatories.

**RESPONSE:**

2.     Identify any and all persons having knowledge relating to the subject matter of the Action.  Include each person's full name, title, job description, present business and home addresses and telephone numbers, and describe the extent and nature of their respective knowledge.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

3.      Identify all persons, other than your attorneys, with whom you have communicated with regarding the facts relating to the subject matter of this Action.  For each such person, identify the date, manner and substance of each such communication.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

4.      State whether you contend that any admissions relating to the subject matter of this Action were made by any of the parties to this Action.  If so, identify any purported admissions that you plan to use against Chase in connection with this Action.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

5.      State whether you contend that any statements against interest relating to the subject matter of this Action were made by any of the parties to this Action.  If so, identify any purported statements that you plan to use against Chase in connection with this Action. Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

6.      Set forth whether you have obtained any oral or written statements from any persons or entities relating to the subject matter of this Action.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

7.     Identify all oral communications between you and Chase relating to the subject matter of this Action.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

8.     Identify all oral communications between you and BOA relating to the subject matter of this Action.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

9

9.      Identify all oral communications between you and Universal Sales Consultants Inc. ("Universal Sales") relating to the subject matter of this Action.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

10.     Identify all oral communications between you and Universal Renovation Consultants ("Universal Renovation") relating to the subject matter of this Action.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

11.    Identify all oral communications between you and Alexander Duque relating to the subject matter of this Action.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

12.    Identify all oral communications between you and Edmour Giguera a/k/a Ed Armand or Edward Armand relating to the subject matter of this Action.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

13.     Identify all oral communications between you and The Philadelphia Contributionship relating to the subject matter of this Action.   Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

14.     Identify all oral communications between you and anyone else relating to the subject matter of this Action.   Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

15.     Set forth with specificity the circumstances surrounding the fire that occurred at the Property on or about July 11, 2015 (the "Fire").  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

16.     Set forth the amount of damages claimed to any insurance carrier as a result of the Fire. Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

17.  Identify any and all insurance companies you claim were responsible for insuring the Property against any loss arising from the Fire.  Include in your response contact information for each insurance company identified.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

18.  State how many bedrooms the Property contained prior to the Fire.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

14

19.   State how many bedrooms you sought to have rebuilt at the Property after the Fire. Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

20.   State whether you authorized Universal Sales to withdraw funds from any account maintained at BOA.  Include in your response any account at BOA that you owned, had access to, had an interest in, or was opened and held for your benefit, including any escrow accounts.   Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

21.   State whether you authorized Universal Renovation to withdraw funds from any account maintained at BOA.  Include in your response any account at BOA that you owned, had access to, had an interest in, or was opened and held for your benefit, including any escrow accounts.   Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

22.   Identify all mortgages, loans, or other lending agreements you have with BOA.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

23.     State whether you were in default of any of your mortgages, loans or lending agreements with BOA.  Include in your response: (1) the date of such default; (2) what the default was; and (3) whether the default was remedied.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

24.     State whether any funds returned by Chase relating to the Checks were credited by BOA to any account you maintain at BOA.  Include in your response: (1) the amount credited; and (2) the date the credit was provided.  Also include in your response any account at BOA that you owned, had access to, had an interest in, or was opened and held for your benefit, including any escrow accounts.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

25.   State whether any funds returned by Chase relating to the Checks were credited by BOA to any amounts you owed to BOA under any mortgage, loan or other lending agreement between you and BOA.  Include in your response: (1) the amount credited; and (2) the date the credit was provided.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

26.   Set forth with specificity all facts that relate to any account maintained at BOA by Plaintiff and/or for the benefit of Plaintiff.  Include in your response: (1) how the account was created; (2) the terms and conditions of the account; and (3) who had access and/or authorization to utilize the account.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

27.     Set forth with specificity all facts that relate to how Plaintiff came to retain Universal Sales and/or Universal Renovation to complete work at the Property.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

28.     Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragraph 20 of the Complaint. Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

29.   Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragraph 21 of the Complaint. Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

30.   Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragraph 23 of the Complaint. Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

31.   Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragraph 25 of the Complaint. Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

32.   Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragraph 26 of the Complaint. Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

21

33.   Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragraph 35 of the Complaint. Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

34.   Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragraph 60 of the Complaint. Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

35.   Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragraph 96 of the Complaint. Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

36.   Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragraph 108 of the Complaint. Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

37.   Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragraph 109 of the Complaint. Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

38.   Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragraph 111 of the Complaint. Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

39.   Set forth the names and addresses of any and all proposed expert witnesses who Plaintiff intends to call at trial, and as to each state: (a) the qualifications of each expert; (b) the subject matter on which the expert is expected to testify; (c) a summary of the grounds for each opinion; (d) the substance of all oral reports; and (e) attach true copies of all written reports provided to you by any such expert.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

40.   State the name and address of all experts who have been retained by Plaintiff in anticipation of litigation or preparation for trial who are not expected to be called as a witness at trial, and as to each state: (a) the qualifications of each expert; (b) the subject matter on which the expert is expected to testify; (c) a summary of the grounds for each opinion; (d) the substance of all oral reports; and (e) attach true copies of all written reports provided to you by any such expert.  Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

41.   Set forth the amount of Plaintiff's alleged damages and describe in detail the manner in which such damages have been calculated. Identify and attach hereto any and all documents relating to your response.

**RESPONSE:**

## CERTIFICATION

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for contempt of Court.

I hereby certify that copies of documents annexed hereto are exact copies of the original documents, that they have not been altered in any manner.

By:_____

Name:_____

DATED:

## CERTIFICATION OF SERVICE

I hereby certify that on this 27th day of April 2018, I caused Chase's First

Set of Interrogatories to be served on Plaintiff's counsel by way of Federal Express.


ANTHONY C. VALENZIANO

DATED:  April 27, 2018


4833-5155-0307, v. 1

28

EXHIBIT C

Anthony J. Sylvester (Bar No. 018331983)
Anthony C. Valenziano (Bar No. 026392008)
SHERMAN WELLS SYLVESTER & STAMELMAN LLP
210 Park Avenue, 2nd Floor
Florham Park, New Jersey 07932
(973) 302-9700

Attorneys for Defendant
JPMorgan Chase Bank, N.A.

|  |  |
|---|---|
| VIOLA MOORE,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; JP MORGAN CHASE BANK, N.A.; and JOHN DOE,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, HUDSON COUNTY<br>DOCKET NO. HUD-L-531-18<br><br>CIVIL ACTION<br><br>**JPMORGAN CHASE BANK, N.A.'S<br>FIRST REQUEST FOR PRODUCTION<br>OF DOCUMENTS FROM PLAINTIFF** |

TO:      Adrian Johnson, Esq.
         Johnson & Associates, P.C.
         280 Amboy Avenue, Suite 3
         Metuchen, NJ 08840
         Attorneys for Plaintiff

**COUNSEL:**

PLEASE TAKE NOTICE that, pursuant to the Rules Governing the Courts of the

State of New Jersey, defendant JPMorgan Chase Bank, N.A., improperly pled as JP Morgan

Chase Bank, N.A. ("Chase") hereby requests that plaintiff Viola Moore ("Plaintiff") produce for

inspection and copying all documents called for in Schedule A hereto pursuant to the annexed

Definitions and Instructions.

**PLEASE TAKE FURTHER NOTICE** that all requested documents shall be produced at the offices of Sherman, Wells, Sylvester, & Stamelman LLP, 210 Park Avenue, 2nd Floor, Florham Park, New Jersey 07932 within the time provided by the Rules.

SHERMAN WELLS SYLVESTER
& STAMELMAN LLP
Attorneys for Defendant
JPMorgan Chase Bank, N.A.

By: _____
ANTHONY C. VALENZIANO

DATED:  April 27, 2018

## DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms shall have the indicated scope and meaning:

1.     The term "document" shall have the broadest meaning permitted by the New Jersey Rules of Court, and shall include, without limitation, all written, graphic, or otherwise recorded matter, no matter how produced or reproduced, of any nature whatsoever and all non-identical copies thereof, in your possession, custody or control, regardless of where located, and includes, but is not limited to, contracts, agreements, records, tape recordings, correspondence, communications, reports, studies, summaries, minutes, notes, diaries, calendars, agenda, bulletins, notices, announcements, instructions, telegrams, teletypes, facsimile transmissions, electronic mail transmissions, iMessages, text messages, social media posts and messages, computer documents and memories, and any other documents.  In all cases where originals and/or non-identical copies are not available, "document" also means identical copies of original documents and copies of non-identical copies.

2.     The term "communication" shall mean and include any contact between two or more persons, including, but not limited to, written contact by letter, memorandum, telegram, telex, cable, facsimile transmission, electronic mail, or display pager transmissions, and oral contact by in-person conversation, telephone, audio pager transmissions, voice-mail, text messages, iMessages, social media posts and messages, answering machine messages, or other means.

3.     The term "person" shall include natural persons, proprietorships, corporations, partnerships, groups, associations, organizations, government agencies, limited liability companies, trusts and any other forms of entity.

4.     The terms "relating to" or "relevant to" shall mean constituting, pertaining to, regarding, referring to, concerning, setting forth, describing, explaining, summarizing, showing or being in any way logically or factually connected with the matter described.

5.     The term "Complaint" refers to Complaint filed in the lawsuit captioned above and any subsequent amendments thereto.

6.     The term "Action" refers to the lawsuit captioned above and the subject matter thereof, including but not limited to the Complaint and allegations therein.

7.     The phrase "subject matter of this Action" refers to the factual allegations and legal counts set forth in the pleadings in this matter.

8.     The term "Property" refers to the property commonly known as 77 East 21st Street, Bayonne, New Jersey 07002.

9.     The term "Checks" collectively refers to two checks issued by Bank of America, N.A. ("BOA"), Check No. 1402188 dated September 16, 2015 in the amount of $152,000 and made payable to Universal Sales Consultants Inc. and Plaintiff, and Check No. 1433947 dated October 28, 2015 in the amount of $25,000 and made payable to Universal Sales Consultants Inc. and Plaintiff.

10.     The term "you" or "yours" means Plaintiff and/or those persons or entities in active concert or participation with her.

11.     Unless otherwise stated herein, the relevant time period is January 1, 2005 through the completion of this Action.

12.     In answering these requests, Plaintiff is to furnish all documents available to her, including documents in the possession of her attorneys, accountants, advisors,

agents, or other representatives, or any information otherwise subject to or within Plaintiff's control or custody.

13.    Plaintiff is required to produce the documents as they are kept in the usual course or Plaintiff shall organize and label them to correspond to the categories in these Document Requests.

14.    If Plaintiff withholds any document based on privilege, Plaintiff must set forth the privilege claimed and the facts upon which they are relying to support the claim of privilege, and furnish a list identifying each document for which the privilege is claimed, together with the following information:

>    (a)    A brief description of the document's nature and subject matter, including the title and type of document;

>    (b)    The date of preparation;

>    (c)    The name and title of the author(s);

>    (d)    The name, title, and address of all person(s) to whom the document is addressed, including all who received (or were noted to receive) copies;

>    (e)    The name and title of the person(s) to whom the document was sent; and

>    (f)    The number of pages.

15.    These Document Requests shall be deemed to be continuing, so as to require supplemental production where Plaintiff or her attorneys come into the possession of documents responsive to these Document Requests which have not been previously supplied. Such supplemental production is to be made as soon as reasonably

possible after the documents are obtained.  The date such additional documents came into Plaintiff's possession and the identity of the individuals who furnished such additional documents to the person making production shall be specified.

## SCHEDULE A

Plaintiff is hereby requested to produce the following documents:

1.     All documents referring to, containing, describing or in any way relating to the subject matter of this Action.

2.     All documents referring to or in any way relating to the Checks.

3.     All documents relating to or containing communications, whether written or oral, including all email communications, between you and BOA, relating to the subject matter of this Action.

4.     All documents relating to or containing communications, whether written or oral, including all email communications, between you and Chase, relating to the subject matter of this Action.

5.     All documents relating to or containing communications, whether written or oral, including all email communications, between you and Universal Sales Consultants Inc. ("Universal Sales"), relating to the subject matter of this Action.

6.     All documents relating to or containing communications, whether written or oral, including all email communications, between you and Universal Renovation Consultants ("Universal Renovation"), relating to the subject matter of this Action.

7.     All documents relating to or containing communications, whether written or oral, including all email communications, between you and Alexander Duque, relating to the subject matter of this Action.

8.     All documents relating to or containing communications, whether written or oral, including all email communications, between you and Edmour Giguera a/k/a Ed Armand or Edward Armand, relating to the subject matter of this Action.

9.     All documents relating to or containing communications, whether written or oral, including all email communications, between you and The Philadelphia Contributionship, relating to the subject matter of this Action.

10.     All documents relating to or containing communications, whether written or oral, including all email communications, between you and anyone else, relating to the subject matter of this Action.

11.     All documents relating or referring to any contracts or agreements between Plaintiff and Universal Sales.

12.     All documents relating or referring to any contracts or agreements between Plaintiff and Universal Renovation.

13.     All documents relating or referring to any proposals, estimates, invoices, and/or bids provided to Plaintiff by Universal Sales.

14.     All documents relating or referring to any proposals, estimates, invoices, and/or bids provided to Plaintiff by Universal Renovation.

15.     All documents relating or referring to any representations made by Universal Sales to Plaintiff regarding the timing for the completion of any work at the Property.

16.     All documents relating or referring to any representations made by Universal Renovation to Plaintiff regarding the timing for the completion of any work at the Property.

17.     All documents relating or referring to the fire at the Property that occurred on or about July 11, 2015 (the "Fire").

18.   All documents relating or referring to any insurance claim submitted by Plaintiff in connection with the Fire.

19.   All documents relating or referring to any proposed renovations to the Property, including blueprints, sketches or proposals, prepared after July 11, 2015.

20.   All insurance policies you claim provided you coverage for any loss sustained in the Fire.

21.   All documents relating or referring to the resolution, denial, or payment of any insurance claim submitted by Plaintiff in connection with the Fire.

22.   All documents relating or referring to the damages claimed by Plaintiff to any insurance carrier in connection with the Fire.

23.   All documents relating or referring to any check issued by any insurance carrier made payable to Plaintiff for any claim made by Plaintiff in connection with the Fire.

24.   All documents relating or referring to any mortgages, loans or other lending agreements Plaintiff has with BOA.

25.   All documents relating or referring to BOA's requirement that Plaintiff deposit any proceeds from an insurance claim for the Fire in an account maintained with BOA, including but not limited to any account at BOA that you owned, had access to, had an interest in, or was opened and held for your benefit, including any escrow accounts.

26.   All documents relating or referring to any accounts maintained by Plaintiff with BOA, including but not limited to any account at BOA that you owned,

had access to, had an interest in, or was opened and held for your benefit, including any escrow accounts.

27.   All deposit agreements, monthly statements, or other documents relating to any account maintained by Plaintiff with BOA, including but not limited to any account at BOA that you owned, had access to, had an interest in, or was opened and held for your benefit, including any escrow accounts.

28.   All documents relating or referring to any accounts maintained at BOA for the benefit of and/or on behalf of Plaintiff, including but not limited to any account at BOA that you owned, had access to, had an interest in, or was opened and held for your benefit, including any escrow accounts.

29.   All deposit agreements, monthly statements, or other documents relating to any account maintained at BOA for the benefit of and/or on behalf of Plaintiff, including but not limited to any account at BOA that you owned, had access to, had an interest in, or was opened and held for your benefit, including any escrow accounts.

30.   All documents relating or referring to any authorizations Plaintiff provided to BOA with regard to Universal Sales and/or Universal Renovations for withdrawal, use and/or payment of any funds maintained at BOA.

31.   All documents relating or referring to the return of any funds relating to the Check into any account maintained at BOA by Plaintiff and/or for the benefit of and/or on behalf of Plaintiff, including but not limited to any account at BOA that you owned, had access to, had an interest in, or was opened and held for your benefit, including any escrow accounts.

32.     All documents relating or referring to Plaintiff's default under any loan documents between Plaintiff and BOA.

33.     All documents relating or referring to BOA's use of the funds held by BOA in connection with any insurance claims paid out to Plaintiff in connection with the Fire, including BOA's application of such funds to pay any outstanding amounts due and owing under any of Plaintiff's lending agreements with BOA.

34.     All documents relating or referring to the Checks.

35.     All documents relating or referring to any claims submitted by Plaintiff to BOA regarding the Checks.

36.     All documents relating or referring to any claims submitted by Plaintiff to Chase regarding the Checks.

37.     All documents relating or referring to Chase having reimbursed BOA any amounts that were paid on the Checks.

38.     All documents relating or referring to any blueprints or plans prepared by Universal Sales in connection with the Property.

39.     All documents relating or referring to any blueprints or plans prepared by Universal Renovation in connection with the Property.

40.     All documents relating or referring to any foreclosure action initiated by BOA against Plaintiff.

41.     All documents relating or referring to the case encaptioned *Universal Sales Consultants Inc. v. Moore*, HUD-L-2103-16.

42.     All documents relied upon or reviewed by you to respond to Chase's First Set of Interrogatories.

43.     All documents referring to or in any way relating to the allegations contained in Paragraph 20 of the Complaint.

44.     All documents referring to or in any way relating to the allegations contained in Paragraph 21 of the Complaint.

45.     All documents referring to or in any way relating to the allegations contained in Paragraph 23 of the Complaint.

46.     All documents referring to or in any way relating to the allegations contained in Paragraph 25 of the Complaint.

47.     All documents referring to or in any way relating to the allegations contained in Paragraph 26 of the Complaint.

48.     All documents referring to or in any way relating to the allegations contained in Paragraph 35 of the Complaint.

49.     All documents referring to or in any way relating to the allegations contained in Paragraph 60 of the Complaint.

50.     All documents referring to or in any way relating to the allegations contained in Paragraph 96 of the Complaint.

51.     All documents referring to or in any way relating to the allegations contained in Paragraph 108 of the Complaint.

52.     All documents referring to or in any way relating to the allegations contained in Paragraph 109 of the Complaint.

53.     All documents referring to or in any way relating to the allegations contained in Paragraph 111 of the Complaint.

54.     All statements of any parties or witnesses to this Action.

55.    All documents reviewed by any expert in this Action.

56.    All documents received by you from any expert.

57.    If applicable, a complete copy of your expert's file, including any final reports.

58.    All documents relating to any damages that you are seeking in this Action, including any calculation of interest allegedly owed.

## CERTIFICATION OF COMPLETENESS

I hereby certify that I have reviewed the document production request and that I have made or caused to be made a good faith search for documents responsive to the request.  I further certify that as of this date, to the best of my knowledge and information, the production is complete and accurate based on my personal knowledge and/or information provided by others.  I acknowledge my continuing obligation to make a good faith effort to identify additional documents that are responsive to the request and to promptly serve a supplemental written response and production of such documents, as appropriate, as I become aware of them.  The following is a list of the identity and source of knowledge of those who provided information to me:


By: _____

Name: _____

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on this 27th day of April 2018, I caused Chase's First Request for Production of Documents to be served on Plaintiff's counsel by way of Federal Express.

_____
ANTHONY C. VALENZIANO

DATED: April 27, 2018

4817-8333-9363, v. 1

EXHIBIT D

# SHERMAN WELLS
## SYLVESTER & STAMELMAN LLP

**Anthony C. Valenziano**
Associate

Direct: 973.302.9696
Fax: 973.845.2546
avalenziano@shermanwells.com

June 22, 2018

**VIA FACSIMILE**

Te Smith, Esq.
Johnson & Associates P.C.
581 Main Street, Suite 640
Woodbridge, New Jersey 07095

Re: ***Viola Moore v. Bank of America, et al.,***
***Docket No. HUD-L-531-18***

Dear Mr. Smith:

This firm represents defendant JPMorgan Chase Bank, N.A. ("Chase") in the above-referenced matter. Chase served its First Set of Document Requests on your client on May 9, 2018. Your client's responses are now overdue. Please advise as to when Chase will receive written responses and responsive documents to avoid motion practice on this issue. Thank you.

Very truly yours,

Anthony C. Valenziano

4819-2758-9819  v. 1

EXHIBIT E

# SHERMAN WELLS

## SYLVESTER STAMELMAN

**&LLP**

Anthony C. Valenziano
Associate

Direct: 973.302.9696 Fax:
973.845.2546
avalenziano@shermanwells.com

April 27, 2018

VIA FEDERAL EXPRESS

Adrian Johnson, Esq.
Johnson & Associates, P.C.
280 Amboy Avenue, Suite 3
Metuchen, NJ 08840

Re: Viola Moore v. Bank of America, N.A.,
        Docket No. HUD-L-531-18

Dear Mr. Johnson:

This firm represents defendant JPMorgan Chase Bank, N.A., improperly pled as JP Morgan Chase Bank, N.A. ("Chase"), in connection with the above-referenced matter. Enclosed please find Chase's First Sets of Interrogatories and Request for Documents. Please provide your client's responses and responsive documents within the time provided for in the Court Rules. Thank you.

Very truly yours,

Anthony C. Valenziano

Encls.

4846-5167-2931 , v. 1

210 PARK AVENUE • 2ND FLOOR • FLORHAM PARK • NEW JERSEY 07932 • 973.302.9700 1185 AVENUE OF
THE AMERICAS • 3RD FLOOR • NEW YORK • NEW YORK 10036 • 212.763.6464
WWW.SHERMANWELLS.COM

Anthony J. Sylvester (Bar No. 018331983)
Anthony C. Valenziano (Bar No. 026392008)
SHERMAN WELLS SYLVESTER & STAMELMAN LLP
210 Park Avenue, 2 nd Floor
Florham Park, New Jersey 07932
(973) 302-9700

Attorneys for Defendant

JPMorgan Chase Bank, N.A.

| | |
|---|---|
| VIOLA MOORE,<br><br>              Plaintiff,<br><br>      vs.<br><br>BANK OF AMERICA, N.A.; JP MORGAN CHASE BANK, N.A.; and JOHN DOE,<br><br>              Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, HUDSON COUNTY DOCKET NO. HUD-L-531-18<br><br>CIVIL ACTION<br><br>JPMORGAN CHASE BANK, N.A.'S FIRST SET OF INTERROGATORI PLAINTIFF |

TO:      Adrian Johnson, Esq.
          Johnson & Associates, P.C.
          280 Amboy Avenue, Suite 3
          Metuchen, NJ 08840
          Attorneys for Plaintiff

PLEASE TAKE NOTICE that, pursuant to the Rules Governing the Courts of the State of

New Jersey, defendant JPMorgan Chase Bank, N.A., improperly pled as JP Morgan Chase

Bank, N.A. ("Chase") hereby serves the following interrogatories to be answered under oath by

plaintiff Viola Moore ("Plaintiff"). The responses to these interrogatories are governed by those

Rules and by the Definitions and Instructions that follow. Chase reserves the right to sewe additional

sets of interrogatories after further discovery.

1

SHERMAN WELLS SYLVESTER
& STAMELMAN LLP
Attorneys for Defendant
JPMorgan Chase Bank, N.A.

By:

_____

ANTHO

NY C. VALE                  | ZIANO

DATED: April 27, 2018

<u>INSTRUCTIONS</u>

1.      Each interrogatory shall be answered separately. Interrogatories should not be combined for the purpose of supplying a common answer thereto, but answers may be supplied by reference to the answer of another interrogatory.

2.      Where an interrogatory cannot be answered in full, state why and furnish all available information. Estimated dates should be given when, but only when, exact dates cannot be supplied. Any estimates should be identified as such. The sources and means of derivation of each estimate should be specifically set forth.

3.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice-versa; the neuter form of a pronoun shall be considered to include within its meaning the masculine and feminine forms of the pronoun, and vice-versa; and the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb. In each instance, the interrogatory shall be construed so as to facilitate the most complete and inclusive answer.

4.      These interrogatories shall be deemed to be continuing, so as to require supplemental answers if and when Plaintiff comes into possession of information responsive to these interrogatories that has not previously been supplied in answer to these interrogatories. Such supplemental answers are to be served as soon as reasonably possible after the information is obtained. The date such additional information comes into Plaintiffs possession shall be specified, and also the identity of the individuals who furnished such additional infonnation to the person preparing the answer.

5.      If Plaintiff objects to a portion or an aspect of an interrogatory, state the grounds for objection and answer the remainder of the interrogatory. For any interrogatory response withheld or qualified under a claim of privilege, specify the nature and basis of the claim of privilege and the identity of each person who has the knowledge necessary to respond to the interrogatory for which a privilege is being asserted.

<u>DEFINITIONS</u>

The following terms shall have the indicated scope and meaning:

1.      The term "identify" when used herein in connection with:

natural persons means to state their full names, titles, and job descriptions, if applicable, and their present business and home addresses and telephone numbers; and documents means to describe the type of document (g:g:, letter, memorandum, report, minutes, etc.); its title and date; the number of pages; its subject matter; the identity of the person(s) who signed the document, authorized the document, or participated in its preparation; the identity of its addressee(s) or recipient(s); the identity of each person who received copies; its present location and the identity of its custodian; and the date, time, and place it was prepared or rendered.

2.      The term "person" shall include natural persons, proprietorships, corporations, partnerships, groups, associations, organizations, government agencies, limited liability companies, trusts and any other forms of entity.

3.      The terms "relevant to, relate to, referring to," and "relating to" include constituting, pertaining to, recording, evidencing, memorializing, embodying, setting forth, reflecting, showing, disclosing, reporting, describing, discussing, evaluating, considering, reviewing, explaining, analyzing, summarizing and concerning.

4.      The terms "describe" "explain," and "state" mean to provide a comprehensive, complete and detailed description, explanation, or listing of the matter inquired of.

5.      The term "Complaint" refers to the Complaint filed in the lawsuit captioned above and any subsequent amendments thereto.

6.      The term "Property" refers to the property commonly known as 77 East 21st Street, Bayonne, New Jersey 07002.

7.      The term "Checks" collectively refers to two checks issued by Bank of America,

N.A. ("BOA"), Check No. 1402188 dated September 16, 2015 in the amount of $152,000 and made payable to Universal Sales Consultants Inc. and Plaintiff, and Check No. 1433947 dated October 28, 2015 in the amount of $25,000 and made payable to Universal Sales Consultants Inc. and Plaintiff.

8.      The term "Action" refers to the lawsuit captioned above and the subject matter thereof, including but not limited to the Complaint and allegations therein.

9.      Unless otherwise stated herein, the relevant time period is January 1, 2005 through the completion of this Action.

10.     The phrase "subject matter of this Action" refers to the factual allegations and legal counts set forth in the pleadings in this matter.

11.     The term "you" or "yours" means Plaintiff and/or those persons or entities in active concert or participation with her, including Plaintiffs employees, owners, shareholders, members, partners, contractors, agents, advisors or other representatives.

RESPONSE:

## INTERROGATORIES

1. State the name, address, and position of each person who provided information that formed the basis for any answer to the within interrogatories. 1. N/A

2. Identify any and all persons having knowledge relating to the subject matter of the Action. Include each person's full name, title, job description, present business and home addresses and telephone numbers, and describe the extent and nature of their respective knowledge. Identify and attach hereto any and all documents relating to your response.

RESPONSE:2. ( I have no knowledge of who cashed the checks. I only know my signature were forged and cashed

3. persons, other than your attorneys, with whom you have communicated with regarding the facts relating to the subject matter of this Action. For each such person, identify the date, manner and substance of each such communication. Identify and attach hereto any and all documents relating to your response. 3. I communicated with all Bank of America CustomerCare department, dispute departments ,etc. hundreds of phone calls were made by me in effort to getting a response (3 separate disputes were put in on my behalf to chase bank by Bank of America) BOA  FRAUD  CASE  letter  reference  numbers                                    . I got no response from any of the fraud cases put in. Bank of America claiming they didn't get a response from Chase JP Morgan bank and they can't make them respond to the disputes. I tried on a few occasions to contact Chase bank myself and Chase refused to talk to me saying "because I don't have account with them they can't speak to me" Then after over a year and half, I took action by putting a complaint in with the Consumer Financial Protection Bureau ( a government consumer protection Agency-complaint number ''                           ate submitted to CFPB 06/08/17) only then is when Chase JP Morgan bank contacted me and issued a check of $177k to Bank of America for my behalf to my escrow account.

Identify all

RESPONSE:

4.     State whether you contend that any admissions relating to the subject matter of this Action were made by any of the parties to this Action. If so, identify any purported admissions that you plan to use against Chase in connection with this Action. Identify and attach hereto any and all documents relating to your response.

RESPONSE: 4. I don't understand the full question please refer to response #3

5.     State whether you contend that any statements against interest relating to the subject matter of this Action were made by any of the parties to this Action. If so, identify any purported statements that you plan to use against Chase in connection with this Action. Identify and attach hereto any and all documents relating to your response. 5. N/A Please refer to answer #3.

6.     Set forth whether you have obtained any oral or written statements from any persons or entities relating to the subject matter of this Action. Identify and attach hereto any and all documents relating to your response.

RESPONSE:N/A

Identify all oral communications between

7.   you and Chase relating to the subject matter of this Action. Identify and attach hereto any and all documents relating to your response.

RESPONSE: 7. Refer to response #3

8.   Identify all oral communications between you and BOA relating to the subject matter of this Action. Identify and attach hereto any and all documents relating to your response.

RESPONSE: 8. Refer to response #3

9.   you Universal Sales Consultants Inc. ("Universal Sales") relating to the subject matter of this Action. Identify and attach hereto any and all documents relating to your response.

RESPONSE:  Although I already explained the communication I had with Universal sales Consultants Inc., I will add all Communications I had with the company (Alex) was all based on lies to keep me from finding out the company forged my signatures and stole $177k from my escrow account with the help of both banks, (Bank of America for issuing the checks and Chase for cashing them.) Alex answered me with lies saying the city is still working on okaying my project and that he was speaking with Bank of America to go after my insurance for more money. I have reason to believe that Universal consultants inc (Alex and Ed) continued to communicate these lies so they could buy more time to receive the rest of my escrow money that was in my account total of 295k, Because I received a letter from Bank of America stating they will be inspecting the building (a building that isn't there) and releasing the remaining escrow amount. This is about the same time I found out that Bank of America already issued them 177k. They got away with the first 177k and wanted all of it. The only way I found out was when I called the city to plead with them to speed up the project and found out that no one from universal consultant or else-where contacted the city in the first place.

8

       Identify all oral communications between      and

10.    Identify all oral communications between you and Universal Renovation Consultants ("Universal Renovation") relating to the subject matter of this Action. Identify and attach hereto any and all documents relating to your response.

RESPONSE: 10. See answer #9

11.    you Alexander Duque relating to the subject matter of this Action. Identify and attach hereto any and all documents relating to your response.

RESPONSE: 11. See answer #9

Identify all oral communications between            and

12.    Identify all oral communications between you and Edmour Giguera a/k/a Ed Armand or Edward Armand relating to the subject matter of this Action. Identify and attach hereto any and all documents relating to your response.

RESPONSE: 12. See answer #9

13.    you The Philadelphia Contributionship relating to the subject matter of this Action. Identify and attach hereto any and all documents relating to your response.

RESPONSE: I contacted Philadelphia Contributionship the day of the fire on July 11 2015. They inspected it and within a couple of weeks after the fire Philadelphia Contributionship issued me a check for $295k. Bank of America required me to put it in a escrow account that I don't have access to unless BOA of permits release. I can't view of see this escrow account only Bank of America can see it.

Identify all oral communications between        and

14.    Identify all oral communications between you and anyone else relating to the subject matter of this Action. Identify and attach hereto any and all documents relating to your response.

RESPONSE:14.                    See                    answer                    #3

II

15.    Set forth with specificity the circumstances surrounding the fire that occurred at the Property on or about July 1 1, 2015 (the "Fire"). Identify and attach hereto any and all documents relating to your response.

RESPONSE: 15. N/A

16.    Set forth the amount of damages claimed to any insurance carrier as a result of the Fire. Identify and attach hereto any and all documents relating to your response.

RESPONSE: 16. I don't know

17.    Identify any and all insurance companies you claim were responsible for insuring the Property against any loss arising from the Fire. Include in your response contact

information for each insurance company identified. Identify and attach hereto any and all documents relating to your response.

RESPONSE: 17. N/A

18.     State how many bedrooms the Property contained prior to the Fire. Identify and attach hereto any and all documents relating to your response.

RESPONSE: Before the fire the building had a total 17 bedrooms. 5 bedrooms on the first floor, 6 bedrooms on the second floor and 6 bedrooms on the third floor.

19.     State how many bedrooms you sought to have rebuilt at the Property after the Fire. Identify and attach hereto any and all documents relating to your response.

RESPONSE: 19. I sought to rebuild the building with 12 bedrooms total.

20.     State whether you authorized Universal Sales to withdraw funds from any account maintained at BOA. Include in your response any account at BOA that you owned, had access to, had an interest in, or was opened and held for your benefit, including any escrow accounts. Identify and attach hereto any and all documents relating to your response. RESPONSE: I DID NOT authorize Universal sales to withdraw any funds from any account at BOA. I DID NOT AND WOULD NOT EVER GIVE SUCH AUTHORIZATION

14

State whether

21.     you authorized Universal Renovation to withdraw funds from any account maintained at
        BOA. Include in your response any account at BOA that you owned, had access to, had
        an interest in, or was opened and held for your benefit, including any escrow accounts.
        Identify and attach hereto any and all documents relating to your response.

RESPONSE: 21. See answer #20

22.     Identify all mortgages, loans, or other lending agreements you have with BOA. Identify
        and attach hereto any and all documents relating to your response.

RESPONSE: 22. I have a home mortgage and a Equity line of credit with Bank of America. I also have a
checking and a saving account with Bank of America.

23.     you were in default of any of your mortgages, loans or lending agreements with BOA.
        Include in your response: (1) the date of such default; (2) what the default was; and (3)
        whether the default was remedied. Identify and attach hereto any and all documents
        relating to your response.

State whether

RESPONSE: 23. I fell in default for just a few months because of what happened. I am not in default now and mortgage is up to date.

24.     State whether any funds returned by Chase relating to the Checks were credited by BOA to any account you maintain at BOA. Include in your response: (1) the amount credited; and (2) the date the credit was provided. Also include in your response any account at BOA that you owned, had access to, had an interest in, or was opened and held for your benefit, including any escrow accounts. Identify and attach hereto any and all documents relating to your response.

RESPONSE: 24. I don't know

25.     any funds returned by Chase relating to the Checks were credited by BOA to any amounts you owed to BOA under any mortgage, loan or other lending agreement between you and

State whether
BOA. Include in your response: (1) the amount credited; and (2) the date the credit was provided. Identify and attach hereto any and all documents relating to your response.

RESPONSE: 25. N/A

26.     Set forth with specificity all facts that relate to any account maintained at BOA by Plaintiff and/or for the benefit of Plaintiff. Include in your response: (1) how the account was created; (2) the terms and conditions of the account; and (3) who had access and/or authorization to utilize the account. Identify and attach hereto any and all documents relating to your response.

RESPONSE:
26.  1) see answer #13.    2) see #13.    3) only Bank of America had access to this escrow account and only I was authorized to utilize the account. In account that the funds only to be put to building and only building the building that was lost in fire.

17

Set forth with specificity all facts that

27. relate to how Plaintiff came to retain Universal Sales and/or Universal Renovation to complete work at the Property. Identify and attach hereto any and all documents relating to your response.

RESPONSE: 27. After the fire I seeked to get my building rebuilt so I went on Angie's list and found Universal and called them in hopes I found a company that will rebuild the building. Thinking Angie's list does background checks on the companies they let list on their site.

Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragaph of the Complaint. Identify and attach hereto any and all documents relating to your response.

RESPONSE:

28. Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragraph 20 of the Complaint. Identify and attach hereto any and all documents relating to your response.

RESPONSE: N/A

29.

21 relating
to your response.

RESPONSE: N/A

19

Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragaph of the Complaint. Identify and attach hereto any and all documents

30. Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragraph 23 of the Complaint. Identify and attach hereto any and all documents relating to your response.

RESPONSE: N/A

31. N/A

25

Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragaph of the Complaint. Identify and attach hereto any and all documents relating to your response.

RESPONSE:

32. Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragraph 26 of the Complaint. Identify and attach hereto any and all documents relating to your response.

RESPONSE:

N/A

Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragaph of the Complaint. Identify and attach hereto any and all documents relating to your response.

RESPONSE:

33 N/A

35 N/A

Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragaph of the Complaint. Identify and attach hereto any and all documents relating to your response.

RESPONSE:

34 Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragraph 60 of the Complaint. Identify and attach hereto any and all documents relating to your response.

RESPONSE: N/A

35 N/A

96

23

Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragaph of the Complaint. Identify and attach hereto any and all documents

36. Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragraph 108 of the Complaint. Identify and attach hereto any and all documents relating to your response. N/A

RESPONSE:

37. N/A

109 relating to your response.

RESPONSE: N/A

24

Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragaph of the Complaint. Identify and attach hereto any and all documents relating to your response.

RESPONSE:

38.  Set forth with specificity all facts that support, regard or relate to the allegations set forth in Paragraph 111 of the Complaint. Identify and attach hereto any and all documents relating to your response.

RESPONSE:

N/A

25

Set forth

39.   the names and addresses of any and all proposed expert witnesses who Plaintiff intends to call at trial, and as to each state: (a) the qualifications of each expert; (b) the subject matter on which the expert is expected to testify; (c) a summary of the grounds for each opinion; (d) the substance of all oral reports; and (e) attach true copies of all written reports provided to you by any such expert. Identify and attach hereto any and all documents relating to your response.

RESPONSE: N/A

40.   State the name and address of all experts who have been retained by Plaintiff in anticipation of litigation or preparation for trial who are not expected to be called as a witness at trial, and as to each state: (a) the qualifications of each expert; (b) the subject matter on which the expert is expected to testify; (c) a summary of the grounds for each opinion; (d) the substance of all oral reports; and (e) attach true copies of all written reports provided to you by any such expert. Identify and attach hereto any and all documents relating to your response.

RESPONSE: N/A

41.   the amount of Plaintiffs alleged damages and describe in detail the manner in which such damages have been calculated. Identify and attach hereto any and all documents relating to your response.

RESPONSE: N/A

Set forth

## CERTIFICATION

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for contempt of Court.

I hereby certify that copies of documents annexed hereto are exact copies of the original documents, that they have not been altered in any manner.

By: _____

Name:_____

DATED:

CERTIFICATION OF SERVICE

I hereby certify that on this 27 th day of April 2018, I caused Chase's First

Set of Interrogatories to be served on Plaintiff's counsel by way of Federal Express.

ANTHONY C. VALENZIANO

DATED: April 27, 2018

4833-5155-0307, v. 1

Anthony J. Sylvester (Bar No. 018331983)
Anthony C. Valenziano (Bar No. 026392008)
SHERMAN WELLS SYLVESTER & STAMELMAN LLP
210 Park Avenue, 2 nd Floor
Florham Park, New Jersey 07932
(973) 302-9700

Attorneys for Defendant
JPMorgan Chase Bank, N.A.

| | |
|---|---|
| VIOLA MOORE,<br><br>                              Plaintiff,<br><br>                    vs.<br><br>BANK OF AMERICA,<br>MORGAN CHASE BANK, N.A.; and<br>JOHN DOE,<br><br>                              Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, HUDSON COUNTY<br>DOCKET NO. HUD-L-531-18<br><br>CIVIL ACTION<br><br>JPMORGAN   CHASE   BANK,   N.A.'S<br>FIRST REQUEST FOR PRODUCTION OF<br>DOCUMENTS FROM PLAINTIFF |

TO:        Adrian Johnson, Esq.
           Johnson & Associates, P.C.
           280 Amboy Avenue, Suite 3
           Metuchen, NJ 08840
           Attorneys for Plaintiff

COUNSEL:

           PLEASE TAKE NOTICE that, pursuant to the Rules Governing the Courts of the

State of New Jersey, defendant JPMorgan Chase Bank, N.A., improperly pled as JP Morgan

Chase Bank, N.A. ("Chase") hereby requests that plaintiff Viola Moore ("Plaintiff") produce for

inspection and copying all documents called for in Schedule A hereto pursuant to the annexed Definitions and Instructions.

PLEASE TAKE FURTHER NOTICE that all requested documents shall be produced at the offices of Sherman, Wells, Sylvester, & Stamelman LLP, 210 Park Avenue, 2nd Floor, Florham Park, New Jersey 07932 within the time provided by the Rules.

SHERMAN WELLS SYLVESTER
& STAMELMAN LLP
Attorneys for Defendant
J P Morgan Chase Bank, N.A.

By:    ANTHONY C. VALENZIANO

DATED: April 27, 2018

## DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms shall have the indicated scope and meaning:

1.      The term "document" shall have the broadest meaning permitted by the New Jersey Rules of Court, and shall include, without limitation, all written, graphic, or otherwise recorded matter, no matter how produced or reproduced, of any nature whatsoever and all non-identical copies thereof, in your possession, custody or control, regardless of where located, and includes, but is not limited to, contracts, agreements, records, tape recordings, correspondence, communications, reports, studies, summaries, minutes, notes, diaries, calendars, agenda, bulletins, notices, announcements, instructions, telegrams, teletypes, facsimile transmissions, electronic mail transmissions, iMessages, text messages, social media posts and messages, computer documents and memories, and any other documents. In all cases where originals and/or non-identical copies are not available, "document" also means identical copies of original documents and copies of non-identical copies.

2.      The term "communication" shall mean and include any contact between two or more persons, including, but not limited to, written contact by letter, memorandum, telegram, telex, cable, facsimile transmission, electronic mail, or display pager transmissions, and oral contact by in-person conversation, telephone, audio pager transmissions, voice-mail, text messages, iMessages, social media posts and messages, answering machine messages, or other means.

3.      The term "person" shall include natural persons, proprietorships, corporations, partnerships, groups, associations, organizations, government agencies, limited liability companies, trusts and any other forms of entity.

4.      The terms "relating to" or "relevant to" shall mean constituting, pertaining to, regarding, referring to, concerning, setting forth, describing, explaining, summarizing, showing or being in any way logically or factually connected with the matter described.

5.      The term "Complaint" refers to Complaint filed in the lawsuit captioned above and any subsequent amendments thereto.

6.      The term "Action" refers to the lawsuit captioned above and the subject matter thereof, including but not limited to the Complaint and allegations therein.

7.      The phrase "subject matter of this Action" refers to the factual allegations and legal counts set forth in the pleadings in this matter.

8.      The term "Property" refers to the property commonly known as 77 East 21 $^{st}$ Street, Bayonne, New Jersey 07002.

9.      The term "Checks" collectively refers to two checks issued by Bank of America, N.A. ("BOA"), Check No. 1402188 dated September 16, 2015 in the amount of $152,000 and made payable to Universal Sales Consultants Inc. and Plaintiff, and Check No. 1433947 dated October 28, 2015 in the amount of $25,000 and made payable to Universal Sales Consultants Inc. and Plaintiff.

10.     The term "you" or "yours" means Plaintiff and/or those persons or entities in active concert or participation with her.

I I . Unless otherwise stated herein, the relevant time period is January 1 , 2005 through the completion of this Action.

12.    In answering these requests, Plaintiff is to furnish all documents available to her, including documents in the possession of her attorneys, accountants, advisors, agents, or other representatives, or any information otherwise subject to or within Plaintiff's control or custody.

13.    Plaintiff is required to produce the documents as they are kept in the usual course or Plaintiff shall organize and label them to correspond to the categories in these Document Requests.

14.    If Plaintiff withholds any document based on privilege, Plaintiff must set forth the privilege claimed and the facts upon which they are relying to support the claim of privilege, and furnish a list identifying each document for which the privilege is claimed, together with the following information:

(a)    A brief description of the document's nature and subject matter, including the title and type of document;

(b)    The date of preparation;

(c)    The name and title of the author(s);

(d)    The name, title, and address of all person(s) to whom the document is addressed, including all who received (or were noted to receive) copies;

(e)    The name and title of the person(s) to whom the document was sent; and

(f)    The number of pages.

15 These Document Requests shall be deemed to be continuing, so as to require supplemental production where Plaintiff or her attorneys come into the possession of documents responsive to these Document Requests which have not been previously supplied. Such supplemental production is to be made as soon as reasonably possible after the documents are obtained. The date such additional documents came into Plaintiffs possession and the identity of the individuals who furnished such additional documents to the person making production shall be specified.

<u>SCHEDULE A</u>

Plaintiff is hereby requested to produce the following documents:

1.     All documents referring to, containing, describing or in any way relating to the subject matter of this Action.

2.     All documents referring to or in any way relating to the Checks.

3.     All documents relating to or containing communications, whether written or oral, including all email communications, between you and BOA, relating to the subject matter of this Action.

4.     All documents relating to or containing communications, whether written or oral, including all email communications, between you and Chase, relating to the subject matter of this Action.

5.     All documents relating to or containing communications, whether written or oral, including all email communications, between you and Universal Sales Consultants Inc. ("Universal Sales"), relating to the subject matter of this Action.

6.     All documents relating to or containing communications, whether written or oral, including all email communications, between you and Universal Renovation Consultants ("Universal Renovation"), relating to the subject matter of this Action.

7.     All documents relating to or containing communications, whether written or oral, including all email communications, between you and Alexander Duque, relating to the subject matter of this Action.

8.     All documents relating to or containing communications, whether written or oral, including all email communications, between you and Edmour Giguera a/k/a Ed

Armand or Edward Armand, relating to the subject matter of this Action.

9.    All documents relating to or containing communications, whether written or oral, including all email communications, between you and The Philadelphia Contributionship, relating to the subject matter of this Action.

10.    All documents relating to or containing communications, whether written or oral, including all email communications, between you and anyone else, relating to the subject matter of this Action.

I 1 . All documents relating or referring to any contracts or agreements between Plaintiff and Universal Sales.

12.    All documents relating or referring to any contracts or agreements between Plaintiff and Universal Renovation.

13.    All documents relating or referring to any proposals, estimates, invoices, and/or bids provided to Plaintiff by Universal Sales.

14.    All documents relating or referring to any proposals, estimates, invoices, and/or bids provided to Plaintiff by Universal Renovation.

15.    All documents relating or referring to any representations made by Universal Sales to Plaintiff regarding the timing for the completion of any work at the Property.

16.    All documents relating or referring to any representations made by Universal Renovation to Plaintiff regarding the timing for the completion of any work at the Property.

17.    All documents relating or referring to the fire at the Property that occurred on or about July I 1 , 2015 (the "Fire").

8

All documents

18.     relating or referring to any insurance claim submitted by Plaintiff in connection with the Fire.

19.     All documents relating or referring to any proposed renovations to the Property, including blueprints, sketches or proposals, prepared after July 1 1, 2015.

20.     All insurance policies you claim provided you coverage for any loss sustained in the Fire.

21.     All documents relating or referring to the resolution, denial, or payment of any insurance claim submitted by Plaintiff in connection with the Fire.

22.     All documents relating or referring to the damages claimed by Plaintiff to any insurance carrier in connection with the Fire.

23.     All documents relating or referring to any check issued by any insurance carrier made payable to Plaintiff for any claim made by Plaintiff in connection with the Fire.

24.     All documents relating or referring to any mortgages, loans or other lending agreements Plaintiff has with BOA.

25.     All documents relating or referring to BOA's requirement that Plaintiff deposit any proceeds from an insurance claim for the Fire in an account maintained with BOA, including but not limited to any account at BOA that you owned, had access to, had an interest in, or was opened and held for your benefit, including any escrow accounts.

26.     All documents relating or referring to any accounts maintained by

Plaintiff with BOA, including but not limited to any account at BOA that you owned, had access to, had an interest in, or was opened and held for your benefit, including any escrow accounts.

27. All deposit agreements, monthly statements, or other documents relating to any account maintained by Plaintiff with BOA, including but not limited to any account at BOA that you owned, had access to, had an interest in, or was opened and held for your benefit, including any escrow accounts.

28. All documents relating or referring to any accounts maintained at BOA for the benefit of and/or on behalf of Plaintiff, including but not limited to any account at BOA that you owned, had access to, had an interest in, or was opened and held for your benefit, including any escrow accounts.

29. All deposit agreements, monthly statements, or other documents relating to any account maintained at BOA for the benefit of and/or on behalf of Plaintiff, including but not limited to any account at BOA that you owned, had access to, had an interest in, or was opened and held for your benefit, including any escrow accounts.

30. All documents relating or referring to any authorizations Plaintiff provided to BOA with regard to Universal Sales and/or Universal Renovations for withdrawal, use and/or payment of any funds maintained at BOA.

3 1 . All documents relating or referring to the return of any funds relating to the Check into any account maintained at BOA by Plaintiff and/or for the benefit of and/or on behalf of Plaintiff, including but not limited to any account at BOA that you owned,

All documents

had access to, had an interest in, or was opened and held for your benefit, including any escrow accounts.

32.     relating or referring to Plaintiffs default under any loan documents between Plaintiff and BOA.

33.     All documents relating or referring to BOA's use of the funds held by BOA in connection with any insurance claims paid out to Plaintiff in connection with the Fire, including BOA's application of such funds to pay any outstanding amounts due and owing under any of Plaintiff's lending agreements with BOA.

34.     All documents relating or referring to the Checks.

35.     All documents relating or referring to any claims submitted by Plaintiff to BOA regarding the Checks.

36.     All documents relating or referring to any claims submitted by Plaintiff to Chase regarding the Checks.

37.     All documents relating or referring to Chase having reimbursed BOA any amounts that were paid on the Checks.

38.     All documents relating or referring to any blueprints or plans prepared by Universal Sales in connection with the Property.

39.     All documents relating or referring to any blueprints or plans prepared by Universal Renovation in connection with the Property.

40.     All documents relating or referring to any foreclosure action initiated by BOA against Plaintiff.

41.    All documents relating or referring to the case encaptioned Universal Sales

Consultants Inc. v. Moore, HUD-L-2103-16.

42.    All documents relied upon or reviewed by you to respond to Chase's First

Set of Interrogatories.

All documents

43. referring to or in any way relating to the allegations contained in Paragraph 20 of the Complaint.

44. All documents referring to or in any way relating to the allegations contained in Paragraph 21 of the Complaint.

45. All documents referring to or in any way relating to the allegations contained in Paragraph 23 of the Complaint.

46. All documents referring to or in any way relating to the allegations contained in Paragraph 25 of the Complaint.

47. All documents referring to or in any way relating to the allegations contained in Paragraph 26 of the Complaint.

48. All documents referring to or in any way relating to the allegations contained in Paragraph 35 of the Complaint.

49. All documents referring to or in any way relating to the allegations contained in Paragraph 60 of the Complaint.

50. All documents referring to or in any way relating to the allegations contained in Paragraph 96 of the Complaint.

51. All documents referring to or in any way relating to the allegations contained in Paragraph 108 of the Complaint.

52. All documents referring to or in any way relating to the allegations contained in Paragraph 109 of the Complaint.

53. All documents referring to or in any way relating to the allegations contained in Paragraph 11 1 of the Complaint.

54. All statements of any parties or witnesses to this Action.

13

55.    reviewed by any expert in this Action.

56.    All documents received by you from any expert.

57.    If applicable, a complete copy of your expert's file, including any final reports.

58.    All documents relating to any damages that you are seeking in this Action, including any calculation of interest allegedly owed.

All documents

## CERTIFICATION OF COMPLETENESS

I hereby certify that I have reviewed the document production request and that I have made or caused to be made a good faith search for documents responsive to the request. I further certify that as of this date, to the best of my knowledge and information, the production is complete and accurate based on my personal knowledge and/or information provided by others. I acknowledge my continuing obligation to make a good faith effort to identify additional documents that are responsive to the request and to promptly serve a supplemental written response and production of such documents, as appropriate, as I become aware of them. The following is a list of the identity and source of knowledge of those who provided information to me:

By: _____

Name: _____

15

CERTIFICATION OF SERVICE

I hereby certify that on this 27th day of April 2018, I caused Chase's First

Request for Production of Documents to be served on Plaintiff's counsel by way of

Federal Express.

ANTHONY C. VALENZIANO

DATED: April 27, 2018

4817-8333-9363, v. 1

15

EXHIBIT F

# SHERMAN WELLS
## SYLVESTER & STAMELMAN LLP

**Anthony C. Valenziano**
Associate

Direct: 973.302.9696
Fax: 973.845.2546
avalenziano@shermanwells.com

July 9, 2018

**VIA FACSIMILE**

Te Smith, Esq.
Johnson & Associates P.C.
581 Main Street, Suite 640
Woodbridge, New Jersey 07095

Re:   ***Viola Moore v. Bank of America, et al.,***
      **Docket No. HUD-L-531-18**

Dear Mr. Smith:

This firm represents defendant JPMorgan Chase Bank, N.A. ("Chase") in the above-referenced matter.

As you may recall, we advised you by way of letter dated June 22, 2018 that your client's responses to Chase's First Set of Document Requests were overdue. Subsequent to that letter, Chase agreed to extend your client's time to provide written responses and documents responsive to Chase's First Set of Document Requests until July 6, 2018. However, as of the date of this letter, your client has yet to provide these responses on the agreed-upon date. Accordingly, if we do not receive complete written responses and responsive documents by July 13, 2018, we will file a motion to compel their production, as well as seek Chase's fees and costs in connection with the filing of such a motion.

We also write with regard to your client's responses to Chase's First Set of Interrogatories. Upon review, these responses, in large part, are woefully deficient. In an effort to provide as much detailed information as possible to allow your client an opportunity to cure her failure to comply with her discovery obligations, we refer you to the following deficiencies contained in your client's interrogatory responses.

To start, several interrogatories remain unanswered. Rather than provide responses, your client improperly responded to almost half of Chase's interrogatories with "N/A," without any objection or explanation as to why these interrogatories are "not applicable." *See* Plaintiff's Responses to Interrogatory Nos. 1, 6, 15, 17, 25, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, and 41. These interrogatories request patently relevant information and documents that must be provided. Just by way of example, Interrogatory No. 41 requests Plaintiff's claimed damages in this matter and the manner in which they were calculated. Interrogatory Nos. 28 through 38 request all facts that relate to certain allegations contained in the Complaint. In short, Chase is entitled to fulsome responses to these interrogatories.

Te Smith, Esq.
July 9, 2018
Page 2

Other interrogatory responses are deficient in that they do not even answer the question. For instance, Plaintiff's response to Interrogatory No. 2, which requests the identification of all persons with knowledge, does not identify a single person or their particular knowledge regarding the facts in this matter.  Chase is entitled to this information so that it may, among other things, proceed with depositions in this matter. Other responses suffer from similar defects in that they are incomplete and fail to provide all information requested.  *See* Plaintiff's Responses to Interrogatory Nos. 23 and 26.

And finally, Plaintiff's interrogatory responses do not include production of all documents that relate to these responses as requested.  All documents referred and/or related to any of the interrogatories must be produced.

I look forward to hearing from you with respect to how and when your client intends to rectify the interrogatory deficiencies described in this letter.

Thank you.

Very truly yours,

Anthony C. Valenziano

4835-1175-2556, v. 1